McCracken *v.* Cabel *et al.*

Filed Oct. 8, 1889.

————————◆————————

No. 14,843.

McCracken *v.* Cabel et al.

APPEAL.— *Will not Lie after Receiving Part of Judgment.*—Where a judgment defendant pays to the clerk of the court the amount of the judgment, and the plaintiff's attorney, prior to being discharged, receives from the clerk the amount of his lien for services, the plaintiff is precluded by section 632, R. S. 1881, from thereafter taking an appeal from the judgment.

From the Daviess Circuit Court.

*A. J. Padgett* and *A. Paget*, for appellant.

*W. R. Gardiner* and *S. H. Taylor*, for appellees.

COFFEY, J.—This was a proceeding instituted in the Daviess Circuit Court by the appellees to condemn land for a right of way for a lateral railroad under section 3987, R. S. 1881, with a view of reaching a coal mine in said county.

The report made by the viewers appointed by the court was excepted to by the appellant John McCracken, over whose land the proposed railroad ran, and the cause, as to him, was tried in the circuit court by a jury, who returned a verdict in his favor for the sum of $320.45, upon which judgment was rendered. His attorneys of record, Messrs. Baker

McCracken v. Cabel et al.

and Padgett, took a lien upon said judgment for the sum of $150, their fees for obtaining said judgment.

The appellees paid to the clerk of the court the full amount of the said judgment, interest, and costs, and the said clerk paid to the said Baker and Padgett $150 of the money so collected on the judgment, and they receipted him therefor.

Subsequently this appeal was taken, and the appellees now move to dismiss the appeal, under the provisions of section 632, R. S. 1881.

That section provides that appeals may be taken from the circuit courts and superior courts to the Supreme Court by either party from all final judgments, except in actions originating before a justice of the peace or mayor of a city, where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars: *Provided, however,* That the party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon.

This statute would seem to be conclusive upon the question here involved. It is not denied by the appellant that his attorneys had authority to receive and receipt for any and all moneys collected on the judgment obtained by them for him. Their receipt for the money at any time before they were discharged bound their client and relieved the clerk from any liability to the judgment plaintiff.

Upon the principle that the client is bound by the acts of his attorney when the act is within the scope of the attorney's employment, we think it must be held that the appellant had accepted money upon the judgment which he seeks to reverse upon this appeal, before the appeal was taken. The money was paid in July, 1888, and the appeal was not taken until March, 1889. We think the motion to dismiss the appeal should be sustained. *Clark* v. *Wright,* 67 Ind. 224 ; *Baltimore, etc., R. R. Co.* v. *Johnson,* 84 Ind. 420 ; *Sterne* v. *Vert,* 108 Ind. 232 ; *Sterne* v. *Vert,* 111 Ind. 408.

The appeal is dismissed, at the costs of the appellant.

Filed Oct. 8, 1889.