## RABORN v. WOODS ET AL.

[No. 5,035.    Filed March 16, 1904.    Motion to reinstate denied May 17, 1904.]

APPEAL AND ERROR.—*Acceptance of Benefit of Judgment.— Waiver.*—Where it appears from a verified answer in bar to the errors assigned that after the rendition of the judgment in an ejectment proceeding the appellant took possession of that portion of the land awarded him, and has since held the same, appropriating to his own use the rents and profits arising therefrom, and exercising acts of ownership over the same, the appellant thereby waives his right to appeal from the judgment, and the appeal will be dismissed.

From Superior Court of Madison County; *H. C. Ryan,* Judge.

Action by William R. Raborn against Jesse Woods and another. From a judgment in favor of defendants, plaintiff appeals. *Appeal dismissed.*

*W. F. Edwards, C. K. Bagot* and *Charles Bagot,* for appellant.

*W. A. Kittinger W. S. Diven, George Shirts* and *W. R. Fertig,* for appellees.

HENLEY, C. J.—This was an action in ejectment. The complaint, omitting the caption, was in one paragraph, in the following words: "The plaintiff William R. Raborn complains of the defendants, Jesse Woods and Eliza

Woods, and says that he is the owner in fee, and that he is entitled to the possession, of the following described real estate, situated in Hamilton county, State of Indiana, to wit: The south half of the northwest quarter of section thirty-five, township nineteen, range five east; that said defendants unlawfully detain the same, and unlawfully keep him out of the possession thereof, to his damage in the sum of $300. Wherefore the plaintiff prays the court that he have judgment against the defendants for the possession of said real estate," etc.

To this complaint defendants answered the general denial, and filed a cross-complaint in four paragraphs. The cause was submitted for trial upon the issues, and a verdict and judgment rendered to the effect that the appellant was entitled to the possession of the east half of the eighty-acre tract of land described in his complaint, and that the defendants were entitled to the possession of the west half of said tract, and that their title to said land be quieted.

Appellant's motion for a new trial as a matter of right was overruled, and this action of the trial court is the only error assigned.

Appellees have filed a verified special answer in bar to the errors assigned, and ask that this appeal be dismissed. It appears from this answer that after the rendition of the judgment in this cause in the trial court, the appellant took possession of that part of the tract of land recovered by him under said judgment, and has ever since held the same, and has appropriated to his own use the rents and profits arising therefrom, and has exercised and is exercising all acts of ownership over the same.

The Supreme Court in *McGrew* v. *Grayston,* 144 Ind. 165, said: "The right of appeal, though conferred by statute, may be forfeited and waived in many ways. It is an established principle of law that a party can not prosecute an appeal and thereby seek to reverse a judgment, the

Raborn v. Woods.

benefits of which he has accepted voluntarily and knowing the facts. After such acceptance he is estopped to reverse the judgment on error and the same may be treated as a release of errors. * * * This rule is founded on the principle that a party in a court of justice will not be allowed to acquire advantages by assuming inconsistent positions."

The case of *Sonntag* v. *Klee,* 148 Ind. 536, is not unlike the case at bar. That case was an action by appellees against appellants for the possession of certain real estate and machinery located thereon. The judgment of the court gave to the appellants a part of the machinery. They appealed, and pending the appeal took possession of that part of the property awarded to them by the judgment of the trial court. In dismissing the appeal the court said: "We are of the opinion that this question has been settled against the contention of appellants, both by the statute and by the rulings of this court. In §644 Burns 1894, §632 R. S. 1881, it is said: 'The party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon.' And in *Sterne* v. *Vert,* 108 Ind. 232, it was accordingly held that 'a party can not accept the benefit of an adjudication and yet allege it to be errone- ous.' "

It appears in this case that appellant has elected to receive the benefit of what he is alleging is an erroneous judgment and decree of the court. He has taken posses- sion of the land awarded to him by the judgment, and is receiving the rents and profits therefrom, and is here seek- ing a reversal of the decree as to the other part of the land, which, by the judgment of the court, was given to appellees. This he can not do.

A reversal of the judgment under the assignment of error could only result in a new trial of the whole case. The parties to the action could not be placed in the same position that they occupied at the time the action was com-

menced, because it is alleged, and is not denied, that appellant accepted the benefit of the judgment and decree, and is in possession of a part of the real estate. Appellees at the time the action was commenced were in possession of all the property described in the complaint. We think the case falls fully within the rule that a party can not accept any benefit of an adjudication, and afterward allege it to be erroneous. *Glassburn* v. *Deer,* 143 Ind. 174; *McCracken* v. *Cabel,* 120 Ind. 266; *Patterson* v. *Rowley,* 65 Ind. 108; *Rariden* v. *Rariden, post,* 284.

The appellant has waived any errors committed in the proceedings leading up to the judgment from which he has appealed.

The appeal is dismissed.