WYNCOOP, ADMINISTRATOR, ET AL. *v.* LAUGHNER ET AL.

[No. 16,006. Filed February 28, 1939. Rehearing denied May 3, 1939.]

*Ira M. Sharp,* for appellants.

*Harding & Harding, Adney & Adney, Rogers & Smith, Roscoe Hollingsworth, Frank E. Hutchinson, R. P. Bundy* and *Parr, Parr & Parr,* for appellees.

DUDINE, J.—This was a suit instituted by David Wyncoop (now deceased) against forty-nine (49) persons as shareholders in a private bank to recover an alleged balance due on a certificate of deposit and a checking account. The complaint alleged the following facts, among other facts, that: The certificate of deposit had been issued by a predecessor (incorporated) bank. The capital of said predecessor bank had become impaired and nine of the defendants (appellees here), with the approval of the State Bank Commission, had executed "Private Bank Articles of Co-Partnership (of) Peoples Bank of Whitestown, Indiana"; the other defendants (appellees here) had become stockholders in the private bank and the private bank had assumed all of the deposit liabilities of said predecessor bank.

The suit was prosecuted for the benefit of all other creditors of the private bank who elected to file claims.

The issues were presented by a complaint in two paragraphs, an intervening petition of all the other appellants and an answer in general denial. The cause was submitted to the court for trial without a jury and the court found "for the plaintiffs that there is due and owing to the several plaintiffs from the defendants . . . (naming the defendants who executed the articles of co-partnership) . . . the several amounts here found by the court as follows . . . (here follows a list showing the amount found due each of appellants in the total sum of $36,708.03) . . ."

The judgment is "that the several plaintiffs recover of and from the defendants . . (naming said defendants

who executed the articles of co-partnership) . . . in the total sum of $36,708.03, to be apportioned among the plaintiffs in the proportion that each of their several debts owing to them as above found and stated bears to the amount of this judgment.

". . . It is further considered and adjudged by the Court that plaintiffs take nothing by their complaint against the defendants (naming all the other defendants [appellees here]), who did not execute the articles of co-partnership . . ."

For convenience we will hereinafter refer to said defendants (appellees here) who executed the articles of co-partnership and *against* whom judgment was rendered, as judgment defendants, and we will refer to the remaining defendants (appellees here) in *favor* of whom judgment was rendered, as other appellees.

There is but one error assigned upon appeal, and that is contended error in overruling a motion for new trial.

Appellees have filed a verified motion to dismiss this appeal, in which it is averred that since said judgment was rendered, appellants, through their attorneys, caused writs of execution to be issued on said judgment, which writs were duly levied on the property of some of the judgment defendants, and such property was sold on execution and appellants received and accepted substantial amounts of money as proceeds of such sales. The motion to dismiss avers further that appellants, through their attorneys, have accepted benefits of said judgment from several of the judgment defendants and have executed written releases of such judgment defendants "from any and all further liability" on the judgment, which releases were duly entered on the judgment docket of the trial court.

No counter-affidavits have been filed in response to said motion to dismiss.

Section 2-3201 Burns 1933, §471 Baldwin's 1934, which indicates the judgments from which appeals can

be taken, provides in part as follows: "The party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon."

That statutory provision is based upon the theory that acceptance of money paid or collected upon a judgment and taking an appeal therefrom involve two utterly inconsistent positions, the one affirming and the other denying the validity of the judgment. See *Beard* v. *Hosier* (1915), 58 Ind. App. 14, 107 N. E. 558. Such reasoning is as applicable when the party obtaining judgment accepts such money *after* the appeal is taken but before the appeal is decided, like in the instant case, as it is when such money is accepted before the appeal is taken, therefore, necessarily, said statutory provision is applicable here.

Appellants contend the judgment in the instant case is separable; that there are two separate and distinct judgments, one in favor of appellants and another in favor of the other appellees; that this is not an appeal from the judgment in favor of appellants, but is an appeal from the judgment in favor of the other appellees.

This being a suit against all appellees as shareholders in a private bank it may be said it is a suit against all appellees as partners. *Hall et al.* v. *Essner et al.* (1935), 208 Ind. 99, 193 N. E. 86; *Lindley* v. *Seward et al.* (1937), 103 Ind. App. 600, 5 N. E. (2d) 998.

The liability of shareholders of a private bank is not several *only*, but is *joint* too. *Lindley* v. *Seward et al., supra.*

The judgment in the instant case determined the issues as to all appellees, and declared in effect that the partnership consisted of the nine judgment defendants, and that the other appellees were not members thereof. It is clearly a single judgment from which an appeal can be taken by appellants *as a whole,* only.

Appellants having accepted money paid and collected on the judgment, they have lost their right to appeal therefrom. (Sec. 2-3201 Burns 1933, §471 Baldwin's *supra.*)

Appeal dismissed.