## CONAWAY ET AL. *v.* CONAWAY ET AL.

[No. 19,309. Filed March 20, 1963. Rehearing denied April 8, 1963.]

*Floyd E. Harper,* of Tipton, *Albert W. Ewbank,* of Indianapolis, and *Salyer & Mattingly* of Anderson, for appellants.

*Troy Hutto, Hutto & Regnier,* of Tipton, *Christian, Waltz, White & Klotz* and *Ralph Waltz,* of Noblesville, for appellees.

CARSON, J.—This matter is now before the court on the appellees' motion to dismiss as to the appellant Oliver Conaway and the appellees' supplemental motion to dismiss as to the appellant Herbert Salsbery.

It appears from the verified motion to dismiss filed with reference to the appellant Oliver Conaway that the original judgment of the court was for appointment of a guardian for the person and estate of the appellant Oliver Conaway; that the appellant Oliver Conaway died on the 31st day of January, 1960. It is well settled in this state that the death of a ward following a judgment for the appointment of a guardian, presents only a moot question and will be dismissed by this court. *Powell* v. *Powell* (1939), 107 Ind. App. 396, 22 N. E. 2d 896; *Bell* v. *McCain et al.* (1934), 98 Ind. App. 68, 188 N. E. 378; Flanagan, Wiltrout and Hamilton's, *Indiana Trial and Appellate Practice,* §2129; and cases therein cited.

It appears from the verified supplemental motion to dismiss as to the appellant Herbert Salsbery that judgment was rendered in favor of Herbert Salsbery in the amount of Three thousand seven hundred and fifty-two dollars and eithty-nine cents ($3,752.89) for which amount the appellant Herbert Salsbery accepted in payment a cashiers check issued by the Farmers Loan and Trust Company of Tipton, Indiana.

In the recent case, *City of Indianapolis, etc.* v. *Bates et al.* (1963), 134 Ind. App. 343, 188 N. E. 2d 114, handed down by this court on the 25th day of February, 1963, a settlement of a judgment was involved and certain of the parties to the

appeal drew down the money paid into the Clerk of the Shelby Circuit Court. It is well settled law in this state that a party accepting the benefits of a judgment below recognizes the validity of the judgment and waives any further right on appeal. Falanagan, Wiltrout and Hamilton's, *Indiana Trial and Appellate Practice*, §2128, citing with approval *Wyncoop, Administrator, et al.* v. *Laughner et al.* (1939), 106 Ind. App. 457, 19 N. E. 2d 486, and also §2-3201, Burns' 1946 Replacement, which provides in part:

"The party obtaining judgment should not take an appeal after receiving any money paid or collected thereon."

For the reasons herein stated the appeal as to both appellants, Oliver Conaway and Herbert Salsbery, is dismissed.

Appeal dismissed.

Cooper, C. J., and Clements and Ryan, JJ., Concur.

NOTE.—Reported in 188 N. E. 2d 846.