RISNER ET AL. *v.* RISNER ET AL.

[No. 30,244. Filed April 4, 1963.]

*Charles J. LaSata,* of South Bend, for appellants.

*George F. Stevens, Stevens & Wampler,* of Plymouth, *George N. Beamer, Jr.,* and *Crumpacker, May, Levy & Searer,* of counsel, both of South Bend, for appellees.

ACHOR, J.—This is an appeal from an interlocutory order of the St. Joseph Superior Court No. 2. That order provided that the custody of Beverly Risner should be restored to her adoptive parents. The action below was upon a complaint for a writ of habeas corpus. It was alleged that appellant Louise Risner, the natural mother of the child, and her second husband, Harold Risner, brother of appellee Randolph Risner, were illegally depriving the appellees custody of their adoptive daughter, Beverly Risner.

Appellants had taken the child upon the authority of an order setting aside an adoption decree and judgment which had been issued by the Starke County Circuit Court some seven years earlier. The validity of that order must be decided by this court. If it was invalid, the result reached below was the proper one.

Beverly Risner was adopted by the appellees in 1955 in Starke County. She and her adoptive parents became domiciled in Florida in 1959. In 1962, her natural mother obtained an order setting aside the 1955 decree of adoption in the Starke County Court. The adoptive parents were informed of the 1962 action by registered mail. Service was also made by publication. The ground upon which the 1955 decree was set aside was that a fraud had been had upon the court. The alleged fraud involved two things. First, it was alleged that the natural mother's consent had not been freely given, but resulted rather from coercion. Further, it was alleged that the natural father's whereabouts were not unknown, as had been alleged in the petition, but were, in fact, known to the parties throughout the entire proceedings.

Two questions are presented to be considered. The first concerns the finality of the judgment in the original adoption proceedings; second, the question of jurisdiction over out-of-state domicilaries. With respect to the first, we concur in the case of *In re Perry* (1925), 83 Ind. App. 456, 148 N. E. 163, which held that the court's power over a decree of adoption is governed by the same rules of law as are all other judgments and decrees and is final.[1]

---

1. Finality of an adoption decree is necessary so that the established rules of intestate secession and succession may apply with certainty to adopted children. Furthermore, finality of

Inasmuch as the decree of adoption was final, the question which must next be considered is one of the court's jurisdiction over the out-of-state domiciliaries in the 1962 proceedings. Insofar as there was no *res* over which the court could have had jurisdiction, the action was *in personam* in nature. Thus, to have had jurisdiction, the out-of-state parties must have voluntarily appeared in this proceedings or have consented to be sued, which they did not. Otherwise any attempt to bind such parties is totally void. The United States Supreme Court in the case of *Baker v. Baker, Eccles & Company*, 242 U. S. 394, 403 [1917], held: ·

"The fundamental requisite of due process of law in judicial proceedings is the opportunity to be heard. ... [T]o assume that a party resident beyond the confines of a State is required to come within its borders and submit his personal controversy to its tribunals upon receiving notice of the suit at the place of his residence is a futile attempt to extend the authority and control of a State beyond its own territory."

The Starke County Circuit Court having failed to obtain jurisdiction over the appellees, the judgment which purported to vacate the original decree of adoption was void. Therefore, the interlocutory order

---

such decrees is desirable in order to prevent the emotional strain which would otherwise be imposed upon both the adoptive child and parents, making it difficult for a noraml parent-child relationship to develop.

The need for removing an emotional stress from adoption cases, insofar as possible, was considered by this court in *Rhodes et al.* v. *Shirley et al.* (1955), 234 Ind. 587, 597, 129 N. E. 2d 60, wherein it is stated:

"Few really considerate prospective parents would take a child into their hearts and homes and expose either the child or themselves to the heartache of a child's removal from their homes, after mutual ties of affection had been established, if such removal were possible for no other reason that that the natural parents had changed their minds. ..."

of the St. Joseph Superior Court No. 2 is hereby affirmed.

Arterburn, Landis and Myers, JJ., concur.

Jackson, C. J., concurs in the result.

NOTE.—Reported in 189 N. E. 2d 105.