FINKE *v.* FINKE.

[No. 19,660. Filed July 3, 1963.]

*Curtis V. Kimmell* and *Kimmell, Kimmell & Funk,* of Vincennes, for appellant.

*James J. Lewis* and *Lewis & Lewis,* of Vincennes, for appellee.

KELLEY, J.—Appellant duly instituted this action against appellee for a limited divorce. The latter appeared to the action and filed his "cross-complaint" for an absolute divorce from appellant. Appropriate answers closed the issues which were submitted to the trial court for trial and determination. After due hearing the court found against the appellant upon her complaint and for the appellee upon his cross-complaint and that he be granted an absolute divorce from appellant. Custody of the 18 year old son of the parties was awarded to the appellee and custody of their 14 year old daughter was given to appellant, with an order against appellee for the support of said daughter. The property rights and interests of the parties were found and adjusted. Consistent judgment followed the findings.

Error here assigned is the overruling of appellant's motion for a new trial consisting of three specifications, namely, that the decision of the court is not sustained by sufficient evidence; that the decision is contrary to law; and that the "assessment of the amount of recovery of alimony by the Plaintiff is too small."

On October 9, 1961, and prior to the oral argument, the appellee filed his verified motion to dismiss this appeal or to affirm the judgment appealed from, upon the alleged grounds that appellant's brief fails to demonstrate reversible error under the rules, and that appellant has recognized the validity of the challenged judgment by having accepted and availed herself of

certain benefits thereof, thereby estopping her from prosecuting this appeal. Upon consideration of said motion on October 24, 1961, this court determined to hold the same in abeyance pending the oral argument and final determination of this appeal. The oral argument on the merits has been made and we now turn to the consideration of said motion.

The following entry appears as a part of the decree of the Greene Circuit Court:

" . . . the plaintiff and defendant shall be the owners of 1/2 each of the joint savings account in the approximate sum of $1,000.00 in the . . . Savings and Loan Association at Vincennes, Indiana, . . . . Judgment."

It is alleged in appellee's said verified motion:

" . . . on the 11th day of April, 1961 and prior to the filing of appellant's transcript with this Court, said Appellant made application to said building and loan association to withdraw one-half of said account pursuant to and in conformity with the final decreee of the lower court, which, at said time, contained the sum of $1,069.72; and on said date did withdraw and receive from said building and loan association her one-half of said account, being the sum of $534.86 . . . ."

Appellant in her answer to appellee's said motion does not deny the truth of said allegation thereof but says only that:

"The *exceptance* of and use of a portion of the funds allocated to Appellant in the divorce action would not work an estoppel of her right to the question of the total amount of alimony she should receive."

She has filed no brief on the question nor has she presented any authority thereon. There is no contention

here that the judgment is void in any respect, the sole challenge being that it is erroneous.

Appellant's aforesaid statement in her answer to the motion seems to be that she accepted a portion of "the fund allocated" to her by the court but that this acceptance by her would not estop her to question the amount of alimony decreed to her by the court. However, this appeal is from the judgment as a whole. The entire decree is attacked by appellant's motion for a new trial. The adjudication of the property rights of the parties in a divorce proceeding and the award of alimony is such an integral part of the judgment as that, in the absence of fraud, a separation thereof from the decree for divorce cannot be had. Here, the appellant, in practical legal effect, admits that she accepted and availed herself of the benefits of a material part of the decree which, by this appeal, she seeks to have reversed. Having adopted the decree by acceptance of material benefits thereof, appellant is now in no position to complain of it. *Smith* v. *Smith* (1955), 125 Ind. App. 658, 661, 662, 129 N. E. 2d 374; *Arnold* v. *Arnold* (1933), 95 Ind. App. 553, 555, 556, 183 N. E. 910.

Appeal dismissed.

Mote, C. J., Hunter, Pfaff, JJ., concur.

NOTE.—Reported in 191 N. E. 2d 516.