## CONLEY *v.* CONLEY.

[No. 19,911. Filed October 1, 1963. Rehearing denied November 6, 1963.]

*Cecil C. Tague, Sr.,* and *Robert H. Smith,* both of Brookville, for appellant.

*James V. Donadio, Edward J. Ohleyer, Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis and *George L. Kerrigan,* of Connersville, for appellee.

MOTE, C. J.—On June 17, 1963, appellee filed a motion to affirm the decision of the trial court in which he attacked the good faith effort of appellant properly to prepare her brief under Rule 2-17 of the Supreme Court.

On June 18, 1963, appellee filed petition for extensions of time in which to file answer brief and in which to file brief in support of his motion to affirm.

On July 1, 1963, appellee filed a supplementary motion to affirm or dismiss with affidavits concerning the facts and a brief, both in support of his motions, and on July 9, 1963, appellee filed a supplementary affidavit in support of the supplementary motion to affirm and to dismiss. In considering appellee's motions, affidavits and brief, it is made to appear that on the 18th day of May, 1962, the Circuit Court of Fayette County rendered a decree of divorce herein which provided insofar as pertinent herein as follows:

"It is further ordered, adjudged and decreed by the Court that the Defendant, Frances Conley, be and she is hereby granted a decree of absolute divorce from the Plaintiff, Clarence Conley, and that her former name of Frances Champe be and the same is hereby restored to her; that she recover of and from the Plaintiff her costs and charged laid out and expended, including an attorney fee

of Two Hundred ($200.00) Dollars to be paid within sixty (60) days from this date to Cecil C. Tague, Sr., Defendant's Attorney.

"It is further ordered and adjudged that the Defendant be and she is hereby granted sole ownership of the following real and personal property now and heretofore owned by the parties jointly or as tenants by the entirety, to wit:—the real estate and improvements thereon situated at No. 1423 Martin Street in the City of Connersville, Connersville Township, Fayette County, Indiana, together with all household goods, fixtures, appliances and other personal property thereon situated, as well as the 1960 Ford Automobile Sedan now in Defendant's possession; . . . "

The affidavits show the following:

(1) On July 16, 1962, appellee paid to the Clerk of the Fayette Circuit Court the sum of two hundred ($200.00) dollars, representing payment of appellant's attorney fee, as ordered by the trial court, and on said date said sum was paid by said Clerk to and accepted by Cecil C. Tague, Sr., attorney for said appellant.

(2) Appellant has accepted and since said decree has used the said 1960 Ford automobile for her own benefit and enjoyment and, further, it appears that she later had the title thereto transferred to her.

(3) The decree of divorce was entered on May 18, 1962, and since said time and until on or about August 4, 1962, appellant used the household goods, fixtures, appliances and other personal property situated on the premises located at 1423 Martin Street, Connersville, Indiana; and on said latter mentioned date appellant sold at public auction said personal property and did not tender the proceeds thereof to appellee, nor to the Clerk of the Fayette Circuit Court.

(4) Appellant lived in and appropriated to her ex-

clusive use and benefit the real estate located at 1423 Martin Street, Connersville, Indiana; and she subsequently at a date unknown to affiant moved from said premises.

An appeal was dismissed in the recent case of *Finke* v. *Finke* (1963), 135 Ind. App. 65, 191 N. E. 2d 516, wherein the appellant, prior to the appeal, had withdrawn one-half of a savings account, pursuant to the trial court's decree which had adjudicated her to be half owner of said savings account. In its opinion, this court said:

> " . . . Having adopted the decree by acceptance of material benefits thereof, appellant is now in no position to complain of it. . . . "

In another recent expression by this court, in relation to accepting the benefits of a judgment and the standing of an appellant having done so, it is stated in the decision of *Conaway* v. *Conaway* (1963), 134 Ind. App. 429, 188 N. E. 2d 846, as follows:

> " . . . It is well settled law in this state that a party accepting the benefits of a judgment below recognizes the validity of the judgment and waives any further right on appeal. Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, §2128, citing with approval *Wyncoop, Administrator et al.* v. *Laughner et al.* (1939), 106 Ind. App. 457, 19 N. E. 2d 486, and also §2-3201, Burns' 1946 Replacement, which provides in part:
>
>> 'The party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon.' "

In the case of *Smith* v. *Smith* (1955), 125 Ind. App. 658, 129 N. E. 2d 374, this court dismissed an appeal from a decree of divorce when it was shown by verified motion to dismiss that appellant had accepted cer-

tain personal property awarded by the divorce decree and thereafter sold it and accepted the proceeds from the sale. The Court said:

" . . . This appeal is, and of necessity must be, from the entire judgment as rendered. To permit the appellant to beneficially avail herself of selected portions of the decree and yet seek a reversal of the judgment would be not only unjust but, in the event of a reversal, would pose serious consequences both on the court and the parties. This court has repeatedly held that a party having accepted benefits from a judgment cannot now have that judgment reversed. . . . "

In *Raborn* v. *Woods et al.* (1904), 33 Ind. App. 171, 70 N. E. 399, the court dismissed the appeal and said:

"It appears in this case that appellant has elected to receive the benefit of what he is alleging is an erroneous judgment and decree of the court. He has taken possession of the land awarded to him by the judgment, and is receiving the rents and profits therefrom, and is here seeking a reversal of the decree as to the other part of the land, which, by the judgment of the court, was given to appellees. This he can not do.

"A reversal of the judgment under the assignment of error could only result in a new trial of the whole case. The parties to the action could not be placed in the same position that they occupied at the time the action was commenced, because it is alleged, and is not denied, that appellant accepted the benefit of the judgment and decree, and is in possession of a part of the real estate. . . . "

In *McCracken* v. *Cabel et al.* (1889), 120 Ind. 266, 22 N. E. 136, in dismissing the appeal, the court said:

" . . . It is not denied by the appellant that his attorneys had authority to receive and receipt for any and all moneys collected on the judgment obtained by them for him. Their receipt for the money at any time before they were discharged bound

their client and relieved the clerk from any liability to the judgment plaintiff.

"Upon the principle that the client is bound by the acts of his attorney when the act is within the scope of the attorney's employment, we think it must be held that the appellant had accepted money upon the judgment which he seeks to reverse upon this appeal, before the appeal was taken. . . . . We think the motion to dismiss the appeal should be sustained. . . . "

Since the judgment required the attorney fee to be paid to appellant's attorney, we do not suggest that the withdrawal by appellant's attorney of the money ▮▮ paid to the clerk for his use and benefit necessarily amounted to an acceptance by appellant of the benefits of the judgment; however, we incline to the view that the last cited case does support the conclusion that acceptance by a party of benefits of a judgment precludes such party from taking lawful appeal.

In view of the above, and many other decisions in our jurisdiction on this question, the undenied showing by affidavits that appellant has accepted the benefits of the judgment of the trial court, which showing becomes at once the uncontroverted evidence in the cause, this appeal is hereby dismissed.

NOTE.—Reported in 192 N. E. 2d 771.