HORLOCK *v.* OGLESBY ET AL.

[No. 20,323. Transferred to Supreme Court September 13, 1965. Supreme Court opinion filed December 20, 1967, 249 Ind. 251.]

*John D. Clouse,* of Evansville, for appellant.
*Theodore Lockyear,* of Evansville, for appellee.

HUNTER, J.—This is an appeal from an action instituted by appellees, husband and wife, for the adoption of a minor. Appellee, Doris Jean Oglesby is the natural mother of said

minor and appellee James Raymond Oglesby is the step-father of the minor child, while appellant is the natural father of said minor child. Judgment was entered by the trial court on appellees' petition for adoption of said minor child thereby decreeing that the child be awarded to the appellees with a change of last name to "Oglesby"; and that the child shall be entitled to inherit from the adopting parents as if he were the natural heir of the adopting parents.

Appellant's assignment of errors averred manifest error in the judgment and proceedings in that the court erred in overruling appellant's motion for a new trial.

We must hold that this appeal should be transferred to the Supreme Court of Indiana because of a 1963 amendment to Burns' § 4-214 being the Acts of 1901, ch. 247, § 9, p. 565; 1907, ch. 148, § 1, p. 237; 1915, ch. 76, § 1, p. 149; 1925, ch. 201, § 1, p. 487; 1963, ch. 279, § 1, p. 424. Burns' § 4-214, *supra*, states in part as follows:

> "Appeals to be taken to the Supreme Court—All others to Appellate Court . . . Fifteenth. All appeals from judgments in which an award is made concerning the permanent care and custody of a minor child or minor children . . ."

Considering the rule that terms in a statute must be given their usual meaning unless a contrary intention is clearly shown within that statute (*Overlade, Warden, etc.* v. *Wells* (1955), 234 Ind. 436, 445, 127 N. E. 2d 686) it is obvious that the legislature has statutorily placed original jurisdiction of appeals from judgments in adoption in the Supreme Court of Indiana. A judgment in adoption is certainly a judgment "in which an award is made concerning the permanent care and custody of a minor child." The recent Indiana Supreme Court case of *Risner et al.* v. *Risner et al.* (1963), 243 Ind. 581, 189 N. E. 2d 105 holds that a judgment in adoption is final. Thus, the award of the minor child to the adopting parents is "permanent" within the meaning of § 4-214, *supra*. The term "adoption" is defined as

"The act of one who takes another's child into his own family, treating him as his own, and giving him all the rights and duties of his own child." Black's Law Dictionary, Fourth Edition.

Thus, the adoptive parents are caring and keeping the adopted child thereby obtaining the "custody"* of said child by a decree in adoption. § 4-214, *supra,* states that "all appeals" from such judgments "shall be taken directly to the Supreme Court of Indiana."

"When the purpose of an act is expressed in clear and unambiguous terms, this must be accepted as the solemn declaration of the sovereign." *Roth* v. *Local Union No. 1460 of Retail Clerks Union* (1939), 216 Ind. 363, 369-370, 24 N. E. 2d 280.

§ 4-214, *supra,* is clear and unambiguous and must be accepted as binding on this court in that the terms of such statute clearly bring judgments in adoption within its purview as being in that class of cases directly appealable to the Supreme Court of Indiana.

Therefore, pursuant to Burns' § 4-217 being the Acts of 1901, ch. 247, § 13, p. 565, this cause is hereby transferred to the Supreme Court of Indiana.

Bierly, C. J., Mote and Smith, JJ., concur.

NOTE.—Reported in 210 N. E. 2d 56.

---

* "Custody" is the care and keeping of anything. Black's Law Dictionary, Fourth Edition.