## MILLER *v.* MILLER.

[No. 20,325. Filed December 20, 1967. Petition for Rehearing Denied January 20, 1968.]

*Sevald & Sevald,* of Hammond, and *W. Henry Walker,* of East Chicago, for appellant.

*Louis C. Holland,* of Gary, for appellee.

BIERLY, J.—The original action was a suit for divorce, filed by Dorothy Miller, appellee, in the Lake Superior Court of Lake County. Affidavit of Residence, and also Petition for Disposition of Presents, Property, and Suit Money, were also filed by appellee on said date.

To bring this action into better perspective, we take the liberty to quote verbatim the first 3 rhetorical paragraphs of plaintiff-appellee's complaint, to wit:

"1.  That the parties herein were married on the 26th day of February, 1957, and *lived together as husband and wife until the 27th day of February, 1961,* and since said date have not lived or cohabited together (our emphasis).

"2.  Plaintiff alleges that the defendant has been guilty of extreme cruelty and inhuman treatment in the following:

   a)  that on February 23, 1961, the defendant threatened to shoot plaintiff with a pistol, having then the ability to do so;

   b)  that the defendant recently called plaintiff extremely vulgar names;

   c)  that on February 23, 1961, the defendant committed assault and battery on the plaintiff, to wit: by giving her two black eyes; that he has done like acts on too numerous occasions in said marriage to name;

   d)  that in the month of July, 1957, the defendant beat plaintiff so severely as to cause 3 fractured ribs, from which she was compelled to receive hospital and medical care.

"3.  Plaintiff alleges there is born as the fruits of this union one child, whose name is Gail, born March 11, 1956; that plaintiff has 1 adopted child, whose name is Deborah, born March 7, 1949; that plaintiff has 3 minor children by her previous marriage; that plaintiff is a fit and proper person to have the care and custody of Gail and Deborah, and the defendant is not a fit person."

On March 9, 1961, following a hearing on appellee's Petition for Disposition of Presents, Property, and Suit Money, at which time both parties were present in person and by their respective attorneys, the Lake Superior Court, in substance, determined:

That plaintiff is granted care and custody of Gail;

That the defendant is granted temporary custody of the adopted child, Deborah;

That each party is granted visitation rights at reasonable times;

That defendant pay the sum of $30 per week for support of plaintiff and the child Gail; and,

That the defendant pay the sum of $300 to counsel of plaintiff as preliminary attorney fees.

Plaintiff-appellee filed, on May 9, 1961, a Verified Petition for Citation against the defendant for failure to comply with an order of court entered on March 9, 1961. May 23, 1961, was the date set for a hearing on said Verified Petition.

Prior to the date set for said hearing, the defendant-appellant filed an affidavit for change of venue from the county. Said petition was granted and the venue ordered to Newton County on May 12, 1961.

On September 29, 1961, defendant filed in the Newton Circuit Court an answer to plaintiff's complaint by way of affirmance in part, denial in part, and without information in part. On said date, defendant filed a cross-complaint, the first rhetorical paragraph reading as follows:

"1. That the parties herein were duly married on the 26th day of March, 1957, and lived and cohabited together as husband and wife until the 27th day of February, 1961, and since said date have not lived or cohabited together."

In said cross-complaint, defendant also charged plaintiff with adultery at certain times, with forgery, and with drawing monies from his checking account. He prays for absolute divorce from the cross-defendant, and the care and custody of the minor adopted child, Deborah Miller, age 11. Cross-defendant, Dorothy Miller, in answer to said cross-complaint, which was by way of admission and denial, prayed the cross-complainant take nothing by way of his cross-complaint. The cause finally was set for trial on Monday, January 29, 1962. On January 24, 1962, plaintiff again filed a Verified Petition for Rule to Show Cause Against Defendant, which was granted, and a hearing set thereon for January 29, 1962, to answer why he should not be held in contempt of court for

failure to comply with the order of the Lake Superior Court, made February 28, 1961.

On January 29, 1962, the cause of action was submitted to the court for trial, evidence heard with a finding for the plaintiff. Judgment accordingly was entered with costs taxed against defendant. Issues had been joined on plaintiff's complaint and the defendant's answer thereto, and the cross-complaint by Levy Miller, cross-complainant, and the answer by cross-defendant Dorothy Miller.

Vital items in the Court's findings were:

That there is born of the cohabitation between the parties herein, Gail Laze, born March 11, 1956.

The Court gave the care and custody of said child to the plantiff.

That the parties by stipulation have adjudicated all rights to the real and personal property.

That parties have agreed that the citation filed herein should be dismissed.

That payments of support should be made to the Clerk of the Lake Superior Court, Room 4.

We deem, for a proper evaluation of this cause, that the judgment of the court on its findings should be presented at length, to wit:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court, that plaintiff be and she is awarded an absolute divorce from the defendant and that the defendant is ordered to pay plaintiff the sum of One Thousand Two Hundred Fifty and no/100 ($1,250.00) Dollars alimony in lieu of all property rights, which sum is now paid in open court and said alimony is now fully paid, satisfied and released. The defendant is ordered to pay to L. C. Holland, $50.00 as a balance of attorney's fees, payable instanter.

"Plaintiff now delivers her quit-claim deed to the real estate above described in open court, and the defendant acknowledges receipt thereof and the court awards all household furniture to the defendant, subject to the debts made under the finding herein, except the following:

One (1) Sterling Silver Cocktail Set

One (1) Handpainted platter

One (1) Ladies Bulova watch

"The Court decrees there is born as the fruits of cohabitation of these parties:

GAIL LAZE—born March 11, 1956,

and that said defendant is ordered to pay for support of said child Fifteen ($15.00) Dollars per week, first payment payable thereunder February 3, 1962. That said payments be made through the Lake Superior Court Room Four, sitting at Gary, Indiana. Defendant is given right of reasonable visitation.

"Costs vs. defendant.

"ALL OF WHICH IS FINALLY ADJUDGED AND DECREED by the Court this 29th day of January, A.D., 1962.

(COURT SEAL)

/s/ NEWELL A. LAMB
JUDGE, NEWTON CIRCUIT COURT

"/s/ DOROTHY MILLER
DOROTHY MILLER, PLAINTIFF

"/s/ L. C. HOLLAND
L. C. HOLLAND, ATTORNEY
FOR PLAINTIFF

"/s/ LEVY MILLER
LEVY MILLER, DEFENDANT

"/s/ GEORGE W. McCAIN
GEORGE W. McCAIN, ATTORNEY
FOR DEFENDANT"

No motion for a new trial was filed.

Reference has been made by both parties to this action of proceedings in the Lake Juvenile Court, Cause #11272, wherein Dorothy Moore (Miller), on July 6, 1956, filed an action against Levy Miller, entitled "Petition to Establish Paternity of Child Born out of Wedlock." Petitioner asserted that she is the mother of said child, and that Levy Miller is its father.

After repeated delays, the cause was submitted on the 5th day of April, 1957, the plaintiff, the prosecuting attorney for the state, being present, but not the defendant either in person or by counsel. The last paragraph of the judgment of the court reads as follows:

> "It is therefore considered, adjudged and decreed by the court that the defendant, Levy Miller, is the father of plaintiff's child, one Gail Miller, a female negro child born out of wedlock on March 11, 1956, at Gary, Indiana; that defendant is, and he is hereby ordered, to make direct support payments for said child, as plaintiff and defendant herein were married on March 26, 1957, and are living together as husband and wife; *that cause of action herein be, and it is, hereby dismissed* (our emphasis).
>
> "/s/ JOSEPH MESZAR<br>JUDGE"

It appears that the last clause in said judgment, to wit: *"that cause of action herein be, and it is, hereby dismissed."* presents an incongruous situation when co-mingled within the same paragraph that defendant is adjudged the father of the child Gail, and ordered to pay support for said child (our emphasis).

It has been shown that not until June 17, 1962, did the defendant, Levy Miller, file in the Lake Juvenile Court, Cause #11272, a Verified Petition to Expunge and Void the Judgment from the Record; that on July 26, 1962, defendant asked a hearing date be set on his verified petition for August 17, 1962; that on August 17, 1962, plaintiff appears by the deputy prosecuting attorney, and W. Henry Walker, attorney for defendant, appears for the defendant. Finding and judgment of the court are as follows:

> "The cause now submitted to the court for hearing on said petition herein; and the court having heard the facts now grants defendant's verified petition and finds that the order and cause was dismissed on the 5th day of April, 1957, and above purported adjudication therein is hereby held for nought.

"IT IS THEREFORE CONSIDERED, ADJUDGED, ORDERED AND DECREED by the Court, that the purported adjudication heretofore made and entered herein on the 7th day of April, 1957, be, and is hereby, held for nought.

"/s/ JOSEPH MESZAR
JUDGE, LAKE JUVENILE COURT"

We see no apparent reason for reopening the Juvenile Court case #11272 in Gary, unless the entry of April 5, 1957, in adjudicating Levy Miller the father of the girl Gail, and of also showing the dismissal of the cause at the close of the entry presented a conflicting interpretation of the status of Levy Miller, the adjudicated father, whose attorney sought voidance of the decree entered in the Lake Juvenile Court on April 5, 1957.

The pleadings thereof, filed July 17, 1962, as heretofore set forth, were over 5 years since the original adjudication in the Lake Juvenile Court.

The action we are presently considering is a suit for divorce and whatever action was taken by the Lake Juvenile Court we need no longer concern ourselves.

We are confronted with the proposition whether a child born out of wedlock may be legitimated in any other manner than a formal petition to determine paternity of the child.

We can take judicial notice there is not a formal Juvenile Court in Newton County, but the Judge of Newton Circuit Court is ex-officio Judge of the Juvenile Court in said county.

When the Judge of the Newton Circuit Court assumed jurisdiction of this cause for divorce, all matters contained in said complaint, excepting any matter or matters stricken or modified by order of the court, were properly before the court for adjudication.

Appellant's rhetorical Paragraph I of his cross-complaint is identical with appellee's rhetorical Paragraph I of her complaint. Each stated that the parties married on February 26, 1957, lived and cohabited together as husband and wife until

*February 27, 1961.* The court's finding and decree provided that *as the fruits of cohabitation of the parties, the child Gail Laze was born on March 11, 1956* (emphasis supplied).

Appellee's theory of the case was that the child, Gail, was acknowledged by appellant and thus legitimated. It is our conclusion that Burns' § 3-1219, Volume 2, Part 2 (1946 Replacement) limits jurisdiction of the court to legal children of the marriage of the parties.

Then, on January 29, 1962, at the time of the trial in the divorce case, appellant and appellee, and their respective attorneys, George W. McCain and L. C. Holland, signed the court's decree containing this significant sentence, to wit: "The Court decrees there is born as the fruits of cohabitation of these parties: Gail Laze, born March 11, 1956." Said decree was also signed by Newell A. Lamb, Judge of the Newton Circuit Court.

Plaintiff's attorney, on March 5, 1962, filed a verified petition for rule to show cause why appellant should not be held in contempt of court for failure to obey former order of the court. After several settings for a hearing, the same was held on March 30, 1962. The court found on said date the defendant guilty of contempt of court, and defendant was given until April 3, 1962, to purge himself of contempt by complying with the order of court, and given until April 17, 1962, to file pleadings for such relief to which he deems himself entitled.

Defendant filed on April 20, 1962, a petition to modify the support order, therein also challenging the court's order that the defendant was the father of Gail, and likewise that any order of court ordering support be paid by defendant was in error.

On May 11, 1962, appellee filed a demurrer to defendant's motion to modify the former order of the court. On June 23, 1962, plaintiff filed a verified petition for citation for defendant's appearance due to arrearage of payment of support from April 20, 1962. On June 28, 1962, W. Henry Walker

enters appearance for defendant. The parties stipulated that defendant will make certain payments, which stipulations were forwarded to the court for entry as an order. Cause was set for a hearing on August 27, 1962, but reassigned to the date of August 31, 1962, at 10 A.M.

On August 31, 1962, Barce, Barce & Vann entered appearance for defendant. Defendant's attorney, W. Henry Walker, pleaded inability to appear on August 31, 1962, for personal reasons. The case was reset for September 5, 1962, at 3 P.M. On September 6, 1962, plaintiff and defendant appeared, and also the respective counsel. Defendant paid into the court $250 to cover arrearages. The sum was ordered paid into the office of the Clerk of the Circuit Court and ordered held until further order of the court. Defendant's motion to modify the divorce decree was continued for 10 days. On September 18, 1962, appellant filed brief statement of facts.

In the statement of facts, plaintiff stated that the divorce was granted on January 29, 1962, and present on said date in court were plaintiff in person and by attorney L. C. Holland, and also defendant in court by George McBain, attorney; that the stipulation in writing was signed by the parties and filed.

Plaintiff's testimony briefly was that she had given birth to the child, Gail, out of wedlock; that defendant was the father who took her to the Methodist Hospital in Gary, Indiana, for delivery of the child; that defendant paid the attending physician and also the hospital expenses; that sometime later, plaintiff filed a paternity suit in the Juvenile Court in Gary, and during pendency of the paternity proceedings the parties intermarried. Subsequently the plaintiff, on her own initiative had the paternity suit dismissed. Plaintiff further states that the defendant had knowledge of the paternity suit since he had had proper service relative to said proceedings; plaintiff further alleges that from the date of marriage until the date of separation defendant supported her and her child, Gail, who also was claimed as an exemption on the Federal

Income Tax return filed by defendant; that defendant during this time acknowledged the girl, Gail, to be his child generally, and the child called the defendant "father"; that plaintiff, after defendant filed his motion to modify judgment, attacked the same by a demurrer.

Hence, the question arose as to whether or not it is mandatory that the Juvenile Court of Lake County should determine the paternity of the child before the divorce court can adjudicate the putative father to be the father and hence charge him by law to pay support and maintenance for the child.

Supporting her demurrer to defendant's petition to modify the judgment, plaintiff contended the motion failed to state a cause of action and that the defendant's remedy was a direct appeal on the merits of the case, which was not taken; that the defendant was in error in presuming that the Juvenile Court has exclusive jurisdiction to determine paternity of a child; that the law is with the plaintiff supporting her demurrer.

In the case of *Small* v. *State* (1948), 226 Ind. 38, 77 N. E. 2d 578, the court had before it the criminal prosecution of a putative father of a child born out of wedlock, and who married the mother of the child, and at a later date the parties were involved in a divorce court action. The divorce court adjudicated the putative father as the father of the child. Later, the father failed to pay support and criminal prosecution followed, resulting in his conviction for non-support.

An appeal followed. The Supreme Court held in that case that where a father has married the mother of the child born out of wedlock and acknowledges it, he is estopped to deny parentage and that the divorce court had jurisdiction to determine parentage. See also: *Haddon* v. *Crawford* (1912), 49 Ind. App. 551, 560, 97 N. E. 811.

On September 21, 1962, defendant, by attorney in the case at bar, filed his brief in support of his motion to modify the judgment of the court. Evidence was heard. The court sus-

tained plaintiff's demurrer to the motion by defendant to modify the judgment. On the same date the cause was submitted on the plaintiff's petition for citation, and the court found the defendant to be in contempt of court for failure to pay support due. The defendant was ordered committed to jail until the sum of $65 was paid. The defendant was given 30 days to pay the same.

On a submission of plaintiff's motion to modify judgment, the court, on November 17, 1962, granted the parties 10 days to file briefs on the question of law and procedure, and, on February 4, 1963, the court set March 4, 1963, for oral argument. On March 4, 1963, a continuance was granted, and on May 28, 1963, the case was set for hearing for June 17, 1963, on which date the court overruled defendant's motion to modify judgment.

On said date of June 17, 1963, the defendant filed a complaint to review, therein challenging the court's action in declaring him to be the father of Gail, alleging that said portion of the divorce decree is void and the court lacked jurisdiction to determine the issue of the paternity of the child. On August 3, 1963, the plaintiff filed a demurrer to defendant's complaint for review, therein alleging that defendant's complaint for review did not state a cause of action; that if the defendant had a remedy it must be by appeal but not by a review of the judgment in a divorce proceedings.

D. P. Sevald and W. Henry Walker, attorneys, appeared for defendant Levy Miller, and elected

". . . to abide by the rules of the court made herein on November 30 and December 14, 1963, sustaining plaintiff's demurrer addressed to defendant's complaint to review the judgment filed June 27, 1963, and also requiring the defendant to appear further on or before January 14, 1964, and moves the court to render judgment as provided by law."

The court entered judgment on October 13, 1964, as follows:

"Motion sustained. The court finds for the plaintiff and against the defendant that the defendant take nothing by

his complaint to review judgment and renders judgment against him for costs herein laid out and expended."

From this judgment defendant prayed an appeal to this court. The appeal was granted. Bond in the sum of $100 with the United States Fidelity & Casualty Company as surety was filed. The appeal was submitted in this court on March 11, 1965.

The assignment of error, omitting formal parts, follows:

"The appellant, Levy Miller, says: there is manifest error in the judgment and proceedings, prejudicial to appellant, in this cause, in this:

"1. The court erred in sustaining appellee's demurrer to appellant's complaint to review judgment.

"2. The court erred in overruling appellant's motion to modify the judgment.

"3. The court erred in overruling appellant's motion to quash bench warrant; to discharge rule to show cause and to dismiss contempt proceedings and in denying to the appellant leave to introduce evidence thereon and in overruling appellant's motion to do so.

"4. The court erred in overruling appellant's motion for further hearing on appellant's cross-complaint and for final judgment on appellant's cross-complaint, upon which issues have been joined and no judgment rendered thereon and in holding that the court's decree as rendered was final on the last day of the term at which it was entered.

"5. The court erred in assuming jurisdiction of the subject-matter of the Juvenile Court of Lake County, Indiana, in determining the paternity of child, Gail Laze Moore, born out of wedlock and in providing for its support and disposition, which jurisdiction the said Juvenile Court of Lake County, Indiana, then had, assumed and exercised on said subject-matter, under Cause No. 11272 and which jurisdiction under Section 9-3103 Burns' Indiana Statutes, 1956 Replacement, is vested exclusively in the Juvenile Court of Lake County, Indiana.

/s/ D. P. SEVALD
/s/ W. HENRY WALKER
ATTORNEYS FOR APPELLANT"

We are at a loss to appreciate the prominence accorded the paternity proceedings in the Lake Juvenile Court of Lake County in the cause entitled *"Dorothy Moore v. Levy Miller, #11272,"* which cause was filed July 9, 1956. In this case the court entered a decree on April 5, 1957, wherein it determined the defendant the father of plaintiff's child born out of wedlock on March 11, 1957; that plaintiff and defendant were married March 26, 1957; that defendant be ordered to pay support for said child; that plaintiff and defendant were living together as husband and wife; and *that the cause be dismissed* (emphasis supplied).

On the 17th day of August, 1962, defendant, in said Juvenile Court, secured a court order that the cause had been dismissed on the 5th day of April, 1957, and "that the purported adjudication heretofore made and entered herein on the 7th day of April, 1957, be and is hereby held for naught."

Now the paternity of Gail must be established on facts supporting the court's judgment and decree that the defendant is the father of Gail.

In the decree of divorce entered January 29, 1962, the court finds that the plaintiff and defendant were married March 26, 1957, and separated February 27, 1961. The findings and decree of the court were very comprehensive relative to disposition of property rights, support, dismissal of citation for contempt, and "that there is born of the fruits of cohabitation of these parties: Gail Laze, born March 11, 1956."

It is apparent that the acts of the defendant in reference to the child Gail, during the time said defendant lived with the plaintiff as husband and wife, lends corroborative evidence as to the legitimation of said child, Gail.

When the parties signed the stipulation during the course of the trial for divorce, acknowledging that the child was born "as the fruits of their cohabitation," the trial court legitimated the said child.

Burns' Indiana Stat. Anno. § 6-207 (1953 Replacement) reads as follows:

"(b)  For the purpose of inheritance to, through and from an illegitimate child, said child shall be treated the same as if he were the legitimate child of his father, if, but only if, (1) the paternity of such child has been established by law, during the father's lifetime; or (2) *if the putative father marries the mother of the child and acknowledges the child to be his own*" (our emphasis).

This sub-section (b) states that a child may be legitimated by the putative father entering into the marriage relation with the mother when she has borne a child out of ▮ wedlock, and the putative father and husband hence acknowledges the said child as his own.

In the case at bar, after the trial court heard the evidence, and following the conclusion of the evidence, the court announced its findings and then suggested to the parties that they go to their offices and draft a decree in harmony with the court's findings. This was done, and the parties and their attorneys signed said decree which was also signed by the court.

This signing of the decree based on the stipulation was ▮ proof that the content of the stipulation was true.

Appellant took no exception to the decree when signed by all parties. It appears irrational that any of the parties signing the decree could question thereafter the content of the decree and the signing of the same.

Hence, any signatory to said decree is estopped thereafter to appeal or question the validity of the judgment. Especially is this true when appellant has garnered the ▮ benefits of such decree by way of divorce, settlement and distribution of property, and acceptance of payment thereof. *Conley* v. *Conley* (1963), 135 Ind. App. 279, 192 N. E. 2d 771; *Smith* v. *Smith* (1955), 125 Ind. App. 658, 129 N. E. 2d 374; *Raborn* v. *Woods* (1904), 33 Ind. App. 171, 70 N. E. 399; *Finke* v. *Finke* (1963), 135 Ind. App. 65, 191 N. E. 2d 516.

In the *Conley case, supra,* Judge Mote quoted from a deci-

sion in *Conaway et al.* v. *Conaway et al.* (1963), 134 Ind. App. 429, 188 N. E. 2d 846, as follows:

" '. . . It is well settled law in this state that a party accepting the benefits of a judgment below recognizes the validity of the judgment and waives any further ▮ right on appeal. *Flanagan, Wiltrout & Hamilton,* Indiana Trial and Appellate Practice § 2128, citing with approval *Wyncoop, Administrator et al.* v. *Laughner et al.* (1939), 106 Ind. App. 457, 19 N. E. 2d 486, and also § 2-3201, Burns' 1946 Replacement, which provides in part:

" 'The party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon'."

Appellant questions the jurisdiction of the Newton Circuit Court to hear the divorce proceedings initiated in the Lake Superior Court of Lake County, thence taken ▮ to the Newton Circuit Court on change of venue action but we find the legality of which was not open to question. The Newton Circuit Court is empowered by law to hear and determine divorce proceedings. The provisions in the decree legitimating the child, Gail, and providing for its support, naturally flowed from the marital status of the parties when the dissolution of the martial status was effectuated.

In the case at bar, the court had before it the question of determining the legal status of Gail in the divorce case involving the parties. Inasmuch as the Judge of the Newton Circuit Court is ex-officio Judge of the Juvenile Court, the Judge might have sat as the Judge of the Juvenile Court to determine the paternity of the said child. This the Judge did not do, and instead, proceeded under § 6-207, Burns' Ind. Stat. heretofore cited, and promulgated his decree and all successive decrees thereafter made and entered to effect enforcement of the orders of the court in said decree. In Burns' § 3-1219, provisions are made to authorize support and education of minor children of such marriages among other

matters contained therein, such as custody and guardianship of children.

When giving construction to the various legislative acts and also the case law pertaining thereto, and in conjunction therewith, the method and manner pursued by appellant during the course of the trial and leading to this appeal, we are of the opinion that the trial court not only was vested with the jurisdiction it assumed, but also committed no reversible error in entering judgment against the defendant on his complaint to review the judgment.

We, therefore, are of the opinion that the judgment should be affirmed.

Judgment affirmed.

Cook, P. J., concurs with concurring opinon.

Smith, J., concurs with concurring opinion.

Pfaff, J., concurs in result.

## CONCURRING OPINION

SMITH, J.—I concur only in the result reached in the opinion written by Judge Bierly, and in the reasoning and the result reached in the opinion written by Judge Cook. It is my opinion that the trial court did not commit any reversible error.

However, it is my opinion that this court has no jurisdiction to determine this appeal. This is an appeal from a judgment entered by the trial court in which the trial court sustained a demurrer to the plaintiff's petition to review a judgment in divorce.

The judge in his divorce decree found that the defendant was the father of a minor child, and further awarded the permanent care and custody of said minor child to the plaintiff, the mother of the minor child, and ordered the defendant to pay support money for said child.

Chapter 247, Section 9 of the Acts of 1901 of the Indiana General Assembly, as last amended by Chapter 279,

Section 1 of the Acts of 1963 of the Indiana General Assembly (Burns' Indiana Statutes, Section 4-214 (1966 Suppl.)), reads in part as follows:

"Appeals to be taken to the Supreme Court—All others to Appellate Court—

\* \* \*

Fifteenth. All appeals from judgments in which an award is made concerning the permanent care and custody of a minor child or minor children. . . ."

Our court in the case of *Horlock* v. *Oglesby et al.* (1965), 141 Ind. App. 690, 210 N. E. 2d 56, had under consideration the question of whether or not a judgment in adoption is a judgment "in which an award is made concerning the permanent care and custody of a minor child." The court stated as follows:

"Considering the rule that terms in a statute must be given their usual meaning unless a contrary intention is clearly shown within that statute (*Overlade, Warden, etc.* v. *Wells* (1955), 234 Ind. 436, 445, 127 N. E. 2d 686) it is obvious that "the legislature has statutorily placed original jurisdiction of appeals from judgments in adoption in the Supreme Court of Indiana. A judgment in adoption is certainly a judgment 'in which an award is made concerning the permanent care and custody of a minor child.' The recent Indiana Supreme Court case of *Risner et al.* v. *Risner et al.* (1963), 243 Ind. 581, 189 N. E. 2d 105 holds that a judgment in adoption is final. Thus, the award of the minor child to the adopting parents is 'permanent' within the meaning of § 4-214, supra. . . ."

In the case at bar the judgment granting a divorce to the plaintiff-appellee is not in issue. The petition requesting a review of the judgment raises the issue of whether or not the trial court had the authority to determine the paternity of a minor child. The trial court in the divorce proceedings, after determining the paternity of the minor child, awarded the permanent care and custody of said child to the plaintiff-appellee, and entered a judgment accordingly. Section 4-214, *supra,* states succinctly that all appeals from judg-

ments in which an award is made concerning *the permanent care and custody of a minor child* shall be taken to the Supreme Court of Indiana. The language in said section is clear and unambiguous, and must be accepted as binding on this court in that the terms of such statute clearly bring judgments in a divorce decree in which the permanent care and custody of a minor child has been awarded to one of the parties to the divorce decree within its purview as being in that class of cases directly appealable to the Supreme Court of Indiana.

The Acts of 1901 of the Indiana General Assembly, Chapter 247, Section 13 (Burns' Indiana Statutes, § 4-217) provide as follows:

"If any case is erroneously appealed to the wrong court, that court shall make an order for its transfer to the proper court; and the appeal shall stand as if originally filed in the right court."

This question was not raised by either the appellant or the appellee in the case at bar. However, it is a question concerning jurisdiction of our court which can be raised by our court at any time prior to the final determination of the appeal.

Therefore, it is my opinion that the law clearly provides that this case should be transferred to the Supreme Court of Indiana.

### CONCURRING OPINION

COOK, P. J.—I concur in the majority opinion to the extent that I believe the judgment of the trial court should be affirmed. I would not burden the official reports of this court with irrelevant and extraneous matters urged by appellant but not properly before this court.

The parties appeared in person and by counsel before the Newton Circuit Court and after a trial, the court, on January 29, 1962, rendered its judgment granting appellee a divorce from appellant. The judgment decree adopted an agreed property settlement agreement and awarded appellee

custody of Gail Laze Miller, age six, a child of appellant and appellee, born prior to their marriage, and ordered appellant to support her.

Appellant did not appeal from such final judgment.

On June 17, 1963, appellant filed a complaint to review the divorce judgment alleging that the judgment decree is void in part in adjudging him the father of Gail Laze and requiring him to support her.

Appellee demurred to the complaint for review on the statutory ground, "that the complaint does not state facts sufficient to constitute a cause of action." The Newton Circuit Court sustained the demurrer. Appellant refused to plead further and the trial court entered judgment for appellee and against appellant on his complaint.

Appellant appeals from this judgment and in his assignment of errors asserts the alleged error of the trial court in sustaining appellee's demurrer to his complaint. This is the only alleged error properly presented. Other assignments of error relating to the trial court's action in the original proceedings do not present any questions for our consideration.

Appellant's rights, if any, to review the original divorce judgment are circumscribed by Burns' Ind. Stat. §§ 2-2604 —2-2609. These statutes permit the filing of a complaint for review of a judgment within one year after entry for any error of law (three years for material new matter—not present here). Burns' § 2-2604 further provides, "But no complaint shall be filed for a review of a judgment of divorce."

I believe the statute means just what it says. So did the Supreme Court in *Keller* v. *Keller* (1894), 139 Ind. 38, 38 N. E. 337.

It should also be noted that the present action was commenced more than five months beyond the one year period allowed for the filing of a complaint to review a judgment.

Aside from the limitations imposed by statute, a court of equity should not grant relief against the consequences of a judgment merely on the ground that the judgment is wrong in fact or in law unless the complaining party, without any fault on his part, was prevented from presenting a meritorious defense because of fraud, duress or circumstances beyond his control. *In Re Innis* (1944), 140 F. 2d 479, certiorari denied 64 S. Ct. 1048, 322 U.S. 736, 88 Law Ed. 1569. Such is not the case here.

NOTE.—Reported in 231 N. E. 2d 828.