## GARNER *v.* GARNER.

38 139
f153 80

DIVORCE.—*Appeal.*—*Supreme Court.*—The Supreme Court may reverse a decree of divorce.

SAME.—*Alimony.*—Where the parties had been married two years, and it was a second marriage of both, and the husband was worth fifteen or twenty thousand dollars, twelve hundred dollars alimony to the wife, upon a divorce being granted her, was not too much.

SAME.—*Appeal.*—It seems that a party against whom a decree of divorce with alimony has been granted cannot, after his subsequent marriage, prosecute an appeal from such decree.

APPEAL from the Dearborn Common Pleas.

DOWNEY, J.—Petition for a divorce and alimony. Answer, the general denial; trial by the court, and finding for the petitioner, that she was entitled to a divorce and twelve hundred dollars alimony. The defendant moved the court to grant him a new trial, which motion was overruled, and final judgment rendered against him. He appeals, and has assigned several errors.

To these errors the appellee has pleaded that the appellant, since the rendition of the judgment of divorce, and before the appeal, has married another woman; and she contends that he cannot, under these circumstances, prosecute the appeal. The appellant has demurred to the answer to the assignment of errors, and this question is submitted to us with the other questions in the case.

The appeal is prosecuted by the appellant under the impression, as we infer from the brief of his counsel, that this court will not, and perhaps cannot, in any case, reverse a judgment granting a divorce; and hence it is only asked that we will reverse or modify the judgment for alimony. In this position counsel are mistaken. This question came before us and was decided in *Sullivan* v. *Sullivan,* 34 Ind. 368.

Upon the question as to whether the appellant can prosecute his appeal after having again married, we have been furnished with no authority. After a limited search for a

precedent, we have found such authority as leads us to believe that the appeal cannot, in such a case, be prosecuted. If we should reverse the judgment, the effect would be to leave the appellant with two women, each with at least apparent claims to be his lawful wife; the petitioner, because she would be unquestionably his wife after the judgment for divorce was reversed, and the other female, because she had married him while the judgment of divorce was in full force and unreversed, and while he was consequently single and unmarried.

It seems to be the law that a party cannot be relieved from a judgment of divorce after he has used the privileges of the judgment. Having availed himself of the benefits of the decree or judgment he must bear its burdens. This is, we presume, upon the principle of estoppel. See *Bourne* v. *Simpson*, 9 B. Mon. 454; 2 Bishop Mar. & Div., section 771 (ed. 1864). But without deciding this question, we have examined into the question as to the alimony, and find that this was a second marriage of both parties; that they lived together about two years; and that the husband was worth fifteen or twenty thousand dollars. We think twelve hundred dollars was not too much alimony in such a case.

The judgment is affirmed, with five per cent. damages and costs.

*F. Adkinson, W. Morrow,* and *N. Trusler,* for appellant.
*D. S. Major* and *O. B. Liddell,* for appellee.