## RARIDEN v. RARIDEN.

[No. 4,800. Filed March 15, 1904. Rehearing denied June 1, 1904.]

DIVORCE.—*Appeal from Judgment for Alimony.*—*Remarriage.*—Where a husband to whom a divorce was granted appealed from the judgment against him for alimony and after the submission of the cause on appeal remarried, the appeal will be dismissed, since by his remarriage he accepted the benefits of that part of the decree and rendered it impossible for the court to do what the justice of the case might require that it should do.

From Newton Circuit Court; *C. W. Hanley,* Judge.

Suit by Esther B. Rariden against Elliott Rariden for divorce. Defendant was granted a divorce and appeals from a judgment against him for alimony and attorney's fees. *Appeal dismissed.*

*R. P. Davidson* and *Allen Boulds,* for appellant.
*J. F. Hanly* and *W. R. Wood,* for appellee.

ROBINSON, J.—Appellee sued for divorce. Appellant answered in denial, and filed a cross-complaint asking a divorce. Appellee answered the cross-complaint in denial. Upon a trial the court denied appellee's petition, and

granted appellant a divorce upon his cross-complaint, and gave judgment against him in appellee's favor for alimony, and an allowance for attorney's fees. Appellant's motion to modify the judgment by reducing the amount of alimony and allowance was overruled, and exception taken. His motion for a new trial upon the question of alimony and allowance only was overruled. He has assigned as error the court's refusal to modify the judgment as to alimony and allowance, and the refusal of a new trial.

Appellee moves to dismiss the appeal upon a showing that, since the submission of the cause, appellant remarried, and that he and the woman he married are now living together as husband and wife.

"Alimony," as here used, is purely incidental to a divorce proceeding, and is an allowance out of the divorced husband's estate made to the divorced wife for her support and maintenance. In this State it has no existence as a separate and independent right. It must be adjudged, if at all, in the divorce proceedings, and can not be the subject-matter of an independent suit. The court is required to make such decree for alimony as the circumstances of the case shall render just and proper. §1057 Burns 1901. The court bases its decree for alimony upon all the facts and circumstances disclosed in the divorce proceedings, including all matters of property which have transpired between the parties. *Muckenburg* v. *Holler,* 29 Ind. 139.

"In adjusting alimony," said the court in *Hedrick* v. *Hedrick,* 28 Ind. 291, "all the evidence in the case ought to be considered and acted upon, and then the subject is often a difficult one. It is not yet controlled by definite rules, and the determination of each case must, therefore, depend upon its own circumstances and an enlightened sense of justice and public policy." And it has been held that the appellate tribunal can not say that alimony in a case is excessive, in the absence of the testimony on which the divorce was granted. *Ifert* v. *Ifert,* 29 Ind. 473.

In *Hedrick* v. *Hedrick,* 128 Ind. 522, it was held that in determining the amount of alimony the court may "inquire into the circumstances of the parties and ascertain the amount of property owned by the husband at the time, the source from whence it came, the ability of the husband to pay by reason of his financial circumstances, his income, and his ability to earn money, as well as his inability to earn money on account of ill health, and upon a full investigation it is the duty of the court to make such an allowance for alimony as is just and proper."

In fixing the amount of the alimony the court may consider the conduct of the husband and the wrongs perpetrated by him upon the wife. *Gussman* v. *Gussman,* 140 Ind. 433. In all the authorities the fact is emphasized that alimony is an incident of the divorce. While it is, in a sense, a separate judgment, and may be in a particular case modified or disallowed by the appellate tribunal without in any way affecting the decree of divorce, yet, in another sense, it is in no manner a judgment separate and apart from the decree of divorce, as a reversal of the decree of divorce, in and of itself, sets aside the judgment for alimony. And while the appellate tribunal, upon an appeal for that purpose only, may make such modifications of the allowance of alimony as right and justice require, it may also, upon an appeal by the party who secured the divorce and who questions only the allowance of alimony, reverse the decree of divorce and remand the case for the trial court to hear and consider the entire case *de novo.*

In *Yost* v. *Yost,* 141 Ind. 584, appellant was granted a divorce and was awarded $100 alimony, and appealed, and questioned only the amount of alimony and the court's refusal to allow any sum as attorney's fees in the prosecution of her petition. It was held that the trial court, as to these matters, did not exercise a proper judicial discretion; and the case was reversed both as to the decree of divorce and as to the alimony, and a new trial ordered

upon all issues. The court, by Jordan, J., said: "As this court, in the exercise of appellate jurisdiction, has the power to so mold its judgments and mandates as to secure the proper relief, or justice, to the party or parties entitled thereto, we should much prefer to exercise that power in order to provide a way by which this result might be obtained without disturbing that part of the decree divorcing the parties. But, as the value of the property owned by appellee may have changed since the judgment was originally rendered, and likewise the circumstances and conditions of both parties, it will be proper and right, and better, perhaps, we think, subserve the ends of justice for the lower court to hear and consider the entire case *de novo*." That is to say, when, in the case at bar, appellant appealed from the judgment for alimony and allowance for attorney's fees, he placed it within the power of the appellate tribunal, if a consideration of the case showed that justice required it, to reverse the case not only as to the alimony and allowance, but also as to the decree of divorce, and direct a new trial upon all the issues.

Whether, upon the whole record in this particular case, justice would or would not require that the trial court should consider the entire case *de novo,* is not material, as it is necessary that a general rule should be declared. Under the above authority it might be necessary in any case to reverse that part of the judgment and decree granting the divorce. But by his marriage, by which he has accepted the benefits of that part of the decree, he has made it impossible for the court to do what the justice of the case might require that it should do. He has accepted the benefits of a particular part of a judgment, which might or might not be permitted to stand upon an adjudication of the question he is urging by his appeal, and by so doing has waived his right to prosecute his appeal. See *Garner* v. *Garner,* 38 Ind. 139; *Stephens* v. *Stephens,* 51 Ind. 542; *Sterne* v. *Vert,* 108 Ind. 232; *McGrew* v. *Gray-*

*ston,* 144 Ind. 165; *Manlove* v. *State,* 153 Ind. 80; *Martin* v. *Bott,* 17 Ind. App. 444; *Keller* v. *Keller,* 139 Ind. 38. The appeal is dismissed.