## ARNOLD *v.* ARNOLD.

[No. 14,412. Filed January 28, 1933.]

*Chauncey W. Duncan* and *Owen S. Boling,* for appellant.

*Cook & Walker* and *Charles L. Tindall,* for appellee.

CURTIS, C. J.—This is an appeal from a judgment of the Hancock Circuit Court in an action by the appellee against the appellant for a divorce, custody of the children of the parties, and to set aside certain conveyances of real estate. The complaint was in one paragraph, which was answered by a general denial. Upon the issues thus joined the cause was submitted to the court.

who rendered a judgment granting an absolute divorce to the appellee and giving him the custody of the children of the parties, and adjudicating the property rights between the appellee and the appellant. The appellant, at the proper time, filed a motion to modify the said judgment which was overruled and an exception duly taken. A motion for a new trial was seasonably filed and overruled and an exception reserved. From the judgment as entered, the appellant prayed and perfected this appeal, assigning as the errors relied upon for reversal the following: (1) The court erred in overruling the appellant's motion for a new trial. (2) The court erred in overruling appellant's motion to modify the judgment. The errors relied upon for reversal are the same as those stated in the assignment of error.

The motion for a new trial contains five alleged causes as follows: (a) The decision of the court is not sustained by sufficient evidence; (b) the decision of the court is contrary to law; (c) (d) alleged defects in the affidavit filed with the complaint; (e) that the court did not have jurisdiction of the subject matter of the action.

The appellee has filed a verified motion to dismiss the appeal and in support thereof has filed his affidavit, which, omitting formal parts, is as follows: "Charles F. Arnold being duly sworn upon oath says that he is the appellee in the above entitled action. That he recovered a judgment against the appellant for a divorce in the Hancock Circuit Court of the State of Indiana, from which judgment the appellant Anna C. Arnold appealed to this court, which said appeal is now pending for determination herein. That upon the 13th day of December, 1932, said appellant Anna C. Arnold applied for and received license to marry one Charles W. Revalee in the office of the clerk of the Fayette Circuit Court in Fayette County, Indiana. That pursuant to said marriage license the said appellant Anna C. Arnold did law-

fully marry the said Charles W. Revalee upon the 14th day of December, 1932, and has ever since been and still is living with the said Charles W. Revalee in the relation of husband and wife. That by so doing the appellant Anna C. Arnold has taken and accepted the benefit of such judgment of the Hancock Circuit Court divorcing the appellee from her, has thereby recognized the validity of said judgment and has rendered it impossible for this court to restore the relation as husband and wife between the appellant and appellee by any decision of this cause on appeal.

WHEREFORE, the appellee prays that this appeal be dismissed and he hereunto attaches his brief in support of this motion." Here follow signature and jurat.

The facts concerning the marriage of the appellant as stated in the affidavit which accompanies the motion are undisputed, but the appellant in opposition to the motion contends that the said marriage of the appellant which took place after the submission of the cause does not estop her from the further prosecution of the appeal and does not deprive this court of the right to determine in this appeal the question of the title to the real estate which the court in the divorce proceedings ordered vested in the appellee.

The appellee contends that: The marriage of the appellant pending this appeal estops her from further prosecuting the appeal; that by re-marrying she recognizes the validity of the judgment appealed from, accepts the benefits thereof and puts it beyond the power of this court to restore the marital relation between the appellant and appellee, even though the court should conclude to reverse the judgment of the trial court. In this contention we believe the appellee is correct. The adjudication of the property rights between a husband and wife in a divorce proceeding is such an integral part of the judgment as that, in the

absence of fraud, it cannot be separated from the decree for divorce. The appellant is not to be heard to accept the benefits of the judgment without likewise accepting the burdens thereof. For cases covering all phases of the case see: *Stephens* v. *Stephens* (1875), 51 Ind. 542; *Garner* v. *Garner* (1871), 38 Ind. 139; *Rariden* v. *Rariden* (1904), 33 Ind. App. 284, 70 N. E. 398, 104 Am. St. Rep. 252; *Walker et al.* v. *Walker et al.* (1898), 150 Ind. 317, 50 N. E. 68; *Bayse* v. *Bayse* (1899), 152 Ind. 172, 52 N. E. 797; *Swift* v. *Swift* (1923), 79 Ind. App. 199, 137 N. E. 568; *Stultz* v. *Stultz* (1886), 107 Ind. 400, 8 N. E. 238; *Murray* v. *Murray* (1899), 153 Ind. 14, 53 N. E. 946; *Wise* v. *Wise* (1918), 67 Ind. App. 647, 119 N. E. 501; *Keaton* v. *Keaton* (1928), 87 Ind. App. 39, 158 N. E. 251.

The motion of the appellee to dismiss the appeal is sustained and the appeal dismissed at appellant's costs.

Appeal dismissed.