STATE EX REL. BALSLEY *v.* ST. JOSEPH SUPERIOR COURT
NO. 1, ET AL.

[No. 28,483. Filed October 5, 1948.]

*George Sands,* of South Bend, attorney for appellant.

STARR, J.—This is an original action wherein the relator seeks a writ of prohibition against the St. Joseph Superior Court, No. 1, and William A. Bertsch as special judge thereof. The material allegations of relator's petition are as follows: that on December 30, 1941, one Irene Balsley filed in the St. Joseph Superior Court, No. 2, her complaint against the above-named relator for divorce; that thereafter said cause was transferred to the respondent court and respondent, William A. Bertsch, was appointed special judge of said court to try said cause of action; that thereafter on the 30th day of June, 1948, a trial was had therein and a judgment was rendered granting the said Irene Balsley a decree of divorce from the said relator, and it was adjudged therein that she have and recover from him alimony in the sum of $3,500 together with attorney fees and costs; that thereafter on the 23rd of July, 1948, the relator filed in said cause of action his motion for a new trial which motion is now pending; that on the 24th day of September, 1948, Irene Balsley as plaintiff in said cause of action as above indicated, filed herein her written motion to strike said motion for a new trial for the reason that since the rendition of said judgment, the relator has remarried, and by virtue of the remarriage, has confirmed and ratified the judgment of the respondent court granting a divorce to Irene Balsley and making settlement of the property rights between all the parties, and that there remains no other or further question which might be subject to a new trial or modification of said judgment; that thereafter the said relator filed its motion to strike from the files and records, the motion of Irene Balsley, for the reason that the respondent court was without jurisdiction to strike relator's motion for a new trial, which motion

has now been overruled by the respondent court; that the respondent court has indicated in open court that he would hear evidence in support of Irene Balsley's motion to strike and has set a date for the hearing.

The prayer of the petition is that a writ of prohibition be issued herein against the respondent court and said judge thereof, restraining him from striking out said motion for a new trial until further order of this court; and that respondent be required to show cause why said writ should not be made permanent, and for all other proper relief.

It is our opinion that this court has no jurisdiction to prevent the respondent judge from hearing the motion of Irene Balsley and ruling on the same as he sees fit. Certainly the trial court has jurisdiction to entertain a motion to strike and this court has no jurisdiction to tell him how he shall rule on such a motion. If the court should strike out relator's motion and he deems himself aggrieved, his remedy would be by appeal.

In passing, however, it would seem to us that relator's contention in this particular case, that the question of the subsequent marriage of the relator can only be raised in the court to which an appeal is taken has no merit. The principles laid down in the case of *Arnold* v. *Arnold* (1933), 95 Ind. App. 553, 183 N. E. 910, and the cases therein cited are applicable whether the question of remarriage is urged in the trial court or in the court of appeal. If the relator has remarried, as alleged in Irene Balsley's motion, he has accepted the benefit of the judgment and is estopped from having a new trial or from appealing.

The petition of the relator is hereby denied.

Note.—Reported in 81 N. E. 2d 373.