DAVIS *v.* DAVIS.

[No. 28,727. Filed June 4, 1951.]

*Samuel Feiwell,* of South Bend, for appellant.

*Edward B. Smith,* of South Bend, for appellee.

JASPER, J.—This is an action brought by appellant against appellee to enforce the collection of delinquent payments under a post-nuptial contract, entered into for the settlement of all their property rights, arising out of a divorce action. The divorce was granted in St. Joseph County.

The venue of the action now before us on appeal was changed from St. Joseph County to the Elkhart

Superior Court, the cause was tried by the court, and resulted in a finding and judgment for appellee.

The complaint was in two paragraphs. The first paragraph was for specific performance of the contract and damages for the breach thereof; and the second paragraph incorporated the allegations of the first paragraph, and averred the failure to make payments as called for in the contract. Appellee filed an answer under our rules, and an additional paragraph of answer alleging deceit and fraud on the part of appellant and the attorney who represented her in the divorce action,[1] by inducing appellee to enter into and sign the property settlement agreement. The answer further alleged, in substance, that appellant's attorney in the divorce action told appellee that he did not need an attorney to represent him in the divorce and in the settlement of their property rights, and that appellant's attorney would handle the entire case; that appellee would need an attorney only on the day of the hearing of the uncontested divorce, and at that time appellant's attorney would procure an attorney in his office to represent appellee; that there was no need for appellee to fight the case because the contract settling the property rights of the parties was exactly what the Judge of Superior Court No. 2 would allow in a regularly contested divorce case; that appellee then signed the property agreement, relying upon the representations.

Appellant assigned as error the overruling of her motion for a new trial, which questions only the sufficiency of the evidence and the legality of the decision.

---

[1] The attorney for appellant was not the attorney in the divorce action.

It is well settled, not only in this jurisdiction but generally, that a husband and wife may enter into a postnuptial contract settling their property ■ rights where such an agreement is entered into with a full understanding of all the facts by both parties and is fair and reasonable. *Ceiga* v. *Ceiga* (1943), 114 Ind. App. 205, 210, 51 N. E. 2d 493; 27 C. J. S., Divorce, § 234, p. 961; 17 Am. Jur., Divorce and Separation, § 499, p. 408.

Appellant contends that all of the matters pertaining to the property settlement were adjudicated by the judgment granting the divorce.[2] This court, in the case of *Walker et al.* v. *Walker et al.* (1898), 150 Ind. 317, 325, 50 N. E. 68, 70, said:

> "By a long line of decisions beginning with the case of *Fischli* v. *Fischli*, 1 Blackf. 360, the doctrine has been generally affirmed and settled in this jurisdiction that a decree of divorce by a court having jurisdiction of the subject-matter and the parties, is deemed and held to be an adjudication between the divorced parties of all property rights or questions growing out of or connected with the marriage. As a general rule, all such questions, unless excepted therefrom, are considered as put at rest by the judgment, and the parties thereto are precluded thereby until it is set aside in a proper proceeding. *Muckenburg* v. *Holler*, 29 Ind. 139, 92 Am. Dec. 345; *Rose* v. *Rose*, 93 Ind. 179; *Behrley* v. *Behrley*, 93 Ind. 255; *Hills* v. *Hills*, 94 Ind. 436; *Stultz* v. *Stultz*, 107 Ind. 400; *Nicholson* v. *Nicholson*, 113 Ind. 131; *Thompson* v. *Thompson*, 132 Ind. 288; *State, ex rel.* v. *Parrish*, 1 Ind. App. 441."

In the case now before us, the evidence revealed that the contract settling all of the property rights of ap-

---

[2] See *Murray* v. *Murray* (1899), 153 Ind. 14, 15, 53 N. E. 946.

pellant and appellee was submitted to the trial court, read and approved by the court, and made a part of the record in the divorce action. The court thereby determined the validity of the contract; and all matters pertaining to the property settlement were adjudicated by the judgment granting the divorce. This court further said, in *Walker et al.* v. *Walker et al.*, *supra* (pp. 327, 328 of 150 Ind., p. 71 of 50 N. E.):

"The fact that the divorce was granted on the grounds of the misconduct of the wife, and that the property by which she acquired the money held by her at the time of the divorce suit, may have been settled upon her by the husband by reason of her wrongful acts, in taking advantage of his alleged mental infirmities, can make no material difference in respect to the rule that the divorce decree must, as long as it stands, be held to have adjudicated all property rights arising out of or connected with the marriage, and that it confirmed in the wife the right to the property, or the money, claimed by her at the time of the granting of the divorce."

From what this court has heretofore said, it is apparent that appellee cannot now, as a defense, deny the validity of the contract here involved while the divorce decree remains in full force and effect. *Walker et al.* v. *Walker et al.*, *supra.* The only defenses appellee would have to this cause of action are such defenses as arose subsequent to the judgment of divorce. The evidence further reveals that appellee, since the granting of the divorce, has remarried. Appellee, having accepted the benefits of the divorce judgment, would be estopped from attacking it. *State ex rel. Balsley* v. *St. Joseph Superior Court* (1948), 226 Ind. 372, 374, 81 N. E. 2d 373.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 99 N. E. 2d 77.