SMITH *v.* SMITH.

[No. 18,602. Filed October 21, 1955.]

*C. W. H. Bangs,* of Huntington, *New & New,* of Indianapolis, and *Russell Keith,* of Peru, for appellant.

*Parry & Barns, Merl A. Barns, Arthur W. Parry,* of Fort Wayne, *Cole, Wildman & Cole, Russell J. Wildman* and *Albert H. Cole, Jr.,* of Peru, for appellee.

PFAFF, C. J.—This is an appeal from a judgment of the Miami Circuit Court in an action by the appellee against the appellant for divorce and determining the property rights of the parties. The sole error relied upon for reversal is the overruling of appellant's motion for a new trial.

Various errors are assigned upon which a reversal of the decree is asked. In view of the conclusion we have reached it seems unnecessary to dwell upon them.

On September 29, 1954, and prior to the oral argument the appellee filed his verified motion to dismiss this appeal, said motion being predicated upon the basis that appellant had accepted and availed herself of certain benefits of the judgment and therefore she was estopped from prosecuting her appeal. At the time of the filing of appellee's motion to dismiss, the court deemed it appropriate and desirable to hear the oral arguments before ruling on the motion, and the ruling on the motion was on the 23rd day of November, 1954, ordered held in abeyance pending the argument on the merits. Since the arguments on the merits we have now concluded that appellee's motion should be sustained and this appeal dismissed.

In the decree of the Miami Circuit Court appears the following entry:

"The court having heard the evidence and argument of counsel and being sufficiently advised in the premises, finds for the plaintiff that the allega-

tions of his complaint are true and that he is entitled to a divorce from the defendant. The COURT further finds that the parties to this action have effected a settlement of their property rights, custody of their minor child and permanent support, which agreement is approved by the Court in all respects, except insofar as the same is modified by the following provisions of this decree: The Court finds that the defendant is entitled to, and is now awarded, alimony in the sum of $45,000.00, said amount to be paid as follows: $2475.00 in cash, and the balance by conveyance to defendant of the home property, household goods, and farm tools and implements located on State Road 5 north of the City of Huntington, Indiana, and of a total value of $25,140.00; also the transfer 1430 shares of the common capital stock of Hettrick Mfg. Co. of the value of $17,-160.00; also by the transfer to defendant of two oil paintings now in the home of said parties and described as Group One, of the value of $225.00, thereby making a grand total of $45,000.00."

It appears from the appellee's verified motion to dismiss that the appellee did on the 23rd day of February, 1954, in payment of the alimony judgment execute, for the benefit of the appellant, instruments of transfer of the real estate, the stock and household furniture, farm tools, farm implements and paid the cash, all as ordered by the court, and more specifically a bill of sale for the following items of personal property:

1. 1 Ford Tractor with hydraulic lift and with scraper blade and attachment
2. 1 Avery disc
3. 1 Worthington mower
4. 1 Tractor drawn Roller
5. 1 Montgomery Ward Sprayer
6. 1 Extension ladder

That said bill of sale was executed to the appellant and

deposited with the Community State Bank of Huntington as escrow agent.

That on or about the 28th day of April, 1954, appellant sold the above described personal property to a neighbor, receiving from him in consideration therefor cash in the sum of $1,125.00 and executed a bill of sale for each and all of said items; that appellant neither tendered the $1,125.00 to the appellee nor to the Community State Bank of Huntington as a substitute for the property itself, but on the contrary used the money for her own personal benefit. Appellant in her answer to appellee's motion to dismiss and in the oral argument herein admitted this was true, but she contends that the property referred to belonged to her.

These were matters, however, that were before the trial court and determined by it. No contention is made that the judgment is void, but the appeal is upon the ground that it is erroneous. Such contention cannot prevail and does not alter the case. This appeal is, and of necessity must be, from the entire judgment as rendered. To permit the appellant to beneficially avail herself of selected portions of the decree and yet seek a reversal of the judgment would be not only unjust but, in the event of a reversal, would pose serious consequences both on the court and the parties. This court has repeatedly held that a party having accepted benefits from a judgment cannot now have that judgment reversed. As said in *Sterne* v. *Vert et al.* (1886), 108 Ind. 232, 9 N. E. 127:

> "When the decree appealed from was rendered, the appellant had the election either to appeal or adopt the decree as it was, and avail herself of its benefits. Having decisively elected to pursue the latter course, she must now be confined exclusively to the course first adopted. Every consideration leads to the conclusion that the appeal cannot now be maintained."

See also: Sec. 2-3201, Burns' Ind. Stat., 1946 Repl.:

"The party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon."

The provisions of this statute have often been applied by this court to dismiss appeals where the appellant has voluntarily accepted benefits of the judgment in whole or in part. See also: *Mutual Benefit Life Insurance Company* v. *Simpson, Administrator et al.* (1904), 163 Ind. 10, 71 N. E. 131; *Buck et al.* v. *K. G. Schmidt Brewing Co., Inc. et al.* (1952), 123 Ind. App. 217, 105 N. E. 2d 823; *Scaros* v. *Chacker* (1944), 115 Ind. App. 67, 56 N. E. 2d 505; *McCracken* v. *Cabel et al.* (1889), 120 Ind. 266, 22 N. E. 136; *Raborn* v. *Woods et al.* (1904), 33 Ind. App. 171, 70 N. E. 399; *Davis* v. *Davis* (1951), 229 Ind. 414, 99 N. E. 2d 77; *State ex rel. Balsley* v. *St. Joseph Superior Court No. 1 et al.* (1948), 226 Ind. 372, 81 N. E. 2d 373; *Arnold* v. *Arnold* (1933), 95 Ind. App. 553, 183 N. E. 910.

Appeal dismissed.

NOTE.—Reported in 129 N. E. 2d 374.