HEDGECOTH *v.* HEDGECOTH.

[No. 20,026. Filed June 21, 1966.]

*C. K. McCormack* and *Albert W. Ewbank,* of Indianapolis, for appellant.

*Evelyn Pitschke,* of Indianapolis, for appellee.

BIERLY, J.—Appellant, Elnora J. Hedgecoth, prosecutes this appeal from a judgment granting a divorce and property settlement to Appellee, Harold W. Hedgecoth.

Appellee, by attorney, filed on June 1, 1966, a petition dated May 27, 1966, entitled, "Appellee's Petition to Re-Consider the Dismissal of Appellee's Petition for Re-Hearing." Said petition contains allegations, to-wit:

That a written opinion was handed down by this court April 1, 1966, reversing the trial court;

That appellee's petition for re-hearing was dismissed on the 13th day of May 1966;

That appellee believes said dismissal of the petition for re-hearing was in error;

That on May 25, 1966, appellee further learned of the lawful marriage of appellant to a third party on December 18, 1965;

That due to said marriage of appellant, this court should re-consider its action in dismissing appellee's petition for re-hearing and cites Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice,* Vol. 3, Page 394, as authority so to do.

On said date of June 1, 1966, appellee filed a Verified Motion to Dismiss said cause recounting therein as follows:

That appellee recovered judgment against appellant in the trial court;

That this appeal is still pending in this court even though a petition to transfer the appeal to the Supreme Court was filed in order to preserve appellee's status;

That appellant had issued to her and a third party [whom this court prefers not to name] a license to marry by the Clerk of the Marion Circuit Court of Marion County, December 17, 1965, and the marriage ceremony was performed thereafter on December 18, 1965, in Hamilton County, Indiana, and a proper return made thereon;

That Authenticated Copy of Marriage Record, consisting of a marriage license and a certificate of marriage by certification of the Clerk of Marion Circuit Court of Marion County, was attached to and made a part of appellee's motion to dismiss appeal.

Appellant filed on June 17, 1966, her verified statement acknowledging the content of appellee's petition to dismiss, as true and correct, and concurs in appellee's motion to dismiss.

The foregoing pleadings are now before this court for determination.

And the court now finds that appellee's Petition to Re-Consider the Dismissal of Appellee's Petition for Re-Hearing should be sustained.

And the court further finds that due to the information contained in appellee's verified motion to dismiss, the court on its own motion should withdraw its opinion in this cause as handed down on April 1, 1966.

And the appellant by her marriage to another has recognized the validity of the judgment appealed from and has accepted the benefits of said judgment and hence must accept the burden of said judgment. Such re-marriage estops her from further prosecuting this appeal. We therefore are of the opinion that appellee's motion to dismiss

or affirm the judgment of the trial court should be sustained. *Knigga* v. *Knigga* (1951), 121 Ind. App. 10, 97 N. E. 2d 360; *Davis* v. *Davis* (1951), 229 Ind. 414, 418, 99 N. E. 2d 77; *State ex rel. Balsley* v. *St. Joseph Superior Court* (1948), 226 Ind. 372, 374, 81 N. E. 2d 373; *Arnold* v. *Arnold* (1933), 95 Ind. App. 553, 183 N. E. 910; *Stephens* v. *Stephens* (1875), 51 Ind. 542; *Garner* v. *Garner* (1871), 38 Ind. 139.

Said "Appellee's Petition to Re-Consider and Dismiss Appellee's Petition for Re-Hearing," is now by the courts sustained.

Said opinion of this court handed down on April 1, 1966, as published in Vol. 8 Indiana Decisions No. 99, and in 215 N. E. 2d 693, reversing the trial court is hereby withdrawn.

In the case of *Welsh, Governor, et al.* v. *Sells et al.* (1963), 244 Ind. 423, 192 N. E. 2d 753, we quote from Page 449, the following:

> "No one can seriously question our right or duty to make corrections in an opinion to conform to the record when they are brought to the attention of the court in a petition for rehearing. Of course, the very purpose of a petition for rehearing is to enable the court to make any modifications or corrections that it finds advisable. Such changes in the original opinion have in the past been made either by changing the original opinion directly or by reference in the opinion on rehearing." See: 2 I. L. E. § 672; Indiana Trial and Appellate Practice, § 2628.

It has been also held by the Supreme Court that the granting of rehearing recalls the former opinion of the court. *Bally* v. *Guilford Township School Corp.* (1955), 234 Ind. 273, 126 N. E. 2d 13, superseding 123 N. E. 2d 173; *Kelly* v. *State of Indiana* (1955), 234 Ind. 705, 126 N. E. 2d 13, certiorari denied 349 U. S. 966, 75 S. Ct. 900, 99 L. Ed. 1287. See: Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, § 2825, 1963 Pocket Part.

Appellee's "Motion to Dismiss or Affirm" the judgment of the trial court, which is concurred in by appellant, is hereby

sustained and said judgment of the trial court is hereby affirmed.

Judgment of the trial court affirmed.

NOTE.—Reported in 217 N. E. 2d 630.