SIDEBOTTOM *v.* SIDEBOTTOM.

[No. 268S20. Filed February 9, 1968.]

*Pogue and Young,* of Franklin, for appellant.

*Richard L. Gilliom, Richard L. LaGrange,* and *Murray, Stewart, Irwin & Gilliom,* of counsel, of Indianapolis, *La-Grange* and *Fredbeck,* of Franklin, for appellee.

JACKSON, J.—This matter comes to us from the Appellate Court by way of Petition to Transfer under Acts 1901, ch. 247, § 10, p. 565; 1933, ch. 151, § 1, p. 800, being § 4-215, Burns' 1946 Repl. See *Sidebottom* v. *Sidebottom* (1967), 140 Ind. App. 657, 225 N. E. 2d 772 for opinion of the Appellate Court.

"This is an appeal from the Johnson Circuit Court of an action in divorce. The case was filed in Marion Superior Court Room Number Three and venued to the Johnson Circuit Court. The issues were formed by the appellee's complaint and the defendant's answer in one paragraph under Rule 1-3. The plaintiff-appellee petitioned for divorce, for custody of the minor children, support money, alimony judgment, attorney's fees and property settlement. The case was tried by the court which granted the plaintiff-appellee an absolute divorce and custody of the five (5) minor children. The appellant-defendant was ordered to pay $650.00 per month for the support of the children; the court allowed $4,000.00 attorney's fees to be paid by the appellant. All of the household goods and furnishings, the real estate, the tractor-mower, and the 1961 Oldsmobile, were awarded to the plaintiff-appellee. The defendant-appellant was ordered to execute all deeds, papers, and documents in order to convey the real estate to the plaintiff-appellee. The defendant-appellant was also ordered to pay an alimony judgment in the sum of $1,000.00 per year in payments of $250.00 each three (3) months for a period of ten (10) years. The payments to begin on the First of January, 1964.

The defendant-appellant was awarded the airplane, all horses and equipment pertaining thereto, certain other items of personal property, the Piper Air-Craft stock, professional equipment and office furnishings and professional

accounts receivable, the National Service Life Insurance policy and Cadillac automobile. The defendant-appellant was also ordered to keep his life insurance policy in force, naming his children as beneficiaries.

The judgment was rendered on November 8, 1963, wherein the court also ordered the defendant-appellant to pay the sum of $1,645.00 support arrearage in payments of $50.00 a month beginning the First of December, 1963. The defendant-appellant filed a motion for new trial alleging five specifications:

'1. The decision of the Court is not sustained by sufficient evidence.

2. The finding of the Court is not sustained by sufficient evidence.

3. The decision or the finding of the Court not sustained by sufficient evidence.

4. The decision of the Court is contrary to law.

5. The finding of the Court is contrary to law.' "

The appellant's motion for new trial was overruled on December 29, 1964. The appellant has assigned as error the single specification, "1. The Court erred in overruling Appellant's Motion for New Trial." The transcript and Assignment of Errors were filed in the office of the clerk of the Supreme and Appellate Courts on June 25, 1965.

On June 29, 1965, appellee filed in the Appellate Court her Motion to Dismiss Appeal and brief in support thereof, on the theory that appellant had accepted material benefits of the judgment and decree in that he had taken possession of the personal property awarded him and sold part of the same, retaining the proceeds. That by so doing he was estopped from pursuing this appeal. The Appellate Court in its opinion of April 27, 1967, 225 N. E. 2d at 774 held as follows: "This court, by prior action, denied the motion to dismiss and held the action on the motion to affirm in abeyance pending presentation of the case on the merits." Later on in the opinion the court held: "We therefore find that the motion to affirm filed by the appellee should be denied and we shall proceed to disposition of the appeal on the merits."

Appellant's brief, on the merits, was filed August 26, 1965. Appellee's brief, on the merits, was filed September 21, 1965.

On April 24, 1967, appellee filed in the Appellate Court her Second Motion to Dismiss Appeal. Such motion, in pertinent part, reads as follows:

"Appellee for her second motion herein, respectfully moves that the court dismiss this appeal for the reason that appellant, Earl Winfield Sidebottom, adopted and recognized the validity of the divorce decree and judgment below by acceptance of a material part of such judgment in that he remarried on August 20, 1964, and thereby waived any further right of appeal.

Appellee would further show the Court that this was an action for divorce brought by Appellee against Appellant, the same being cause No. 21, 377 in the Johnson Circuit Court and entitled *Elaine Ruth Sidebottom* v. *Earl Winfield Sidebottom* and that this court has jurisdiction of this appeal and motion by reason of the action below.

Appellee files herewith the reporter's certified partial transcript of a hearing in such cause, held April 10, 1967, before the Honorable Jack Rogers, Special Judge, marked Exhibit A, and her brief in support of this motion to dismiss."

Attached to such motion was a partial transcript of a hearing in the Johnson Circuit Court on April 10, 1967, in which the witness Earl Winfield Sidebottom testified on cross-examination his second marriage took place August 20, 1964, at Lexington, Kentucky.

Thereafter, on April 25, 1967, the Appellate Court entered the following order:

"The Appellee's 'second motion to dismiss' is hereby denied; said motion presents no question to this Court."

April 27, 1967, the Appellate Court reversed the judgment and decree of the Johnson Circuit Court and remanded the cause to the trial court for a new trial consistent with their opinion. See: 225 N. E. 2d 772.

On May 16, 1967, appellee filed her petition for rehearing by the Appellate Court with the clerk of the Supreme and Appellate Courts.

On May 16, 1967, the same day on which she filed her petition for rehearing, appellee filed Appellee's Third Motion To Dismiss Appeal on the theory that by appellant's remarriage subsequent to the judgment appealed from he had adopted and recognized the validity of said divorce decree and judgment by acceptance of a material part of said decree and judgment and had thereby waived any further right to appeal. Attached to said motion were Exhibit A, appellee's affidavit concerning appellant's remarriage; Exhibit B, the reporter's certified partial transcript containing appellant's own testimony of remarriage; and Exhibit C, a certified photostatic copy of Record of Marriage of Earl W. Sidebottom and Memory L. Partlow, from the State Department of Health of the Commonwealth of Kentucky. Appellant made no reply or response to appellee's Third Motion to Dismiss. On the 19th day of June, 1967, the Appellate Court denied appellee's Third Motion to Dismiss and appellee's Petition for Rehearing.

Appellee's Petition to Transfer was filed with the clerk of this Court on July 7, 1967.

Appellee's Petition to Transfer at specifications 5, 6, 9 and 10 alleges the decision and opinion of the Appellate Court contravenes rulings precedent of the Supreme Court as stated in cases cited in each of such numbered specifications.

Appellee's Petition to Transfer at specifications 7 and 11 alleges the Appellate Court failed to give a statement in writing of each substantial question arising on the record and the decision of the Court thereon. Under each of said numbered specifications is a rather lengthy discussion of the questions raised.

Specification No. 8 of appellee's Petition to Transfer alleges that the opinion of the Appellate Court erroneously decides a

new question of law. This specification deals with the question of the exception to the rule of law that acceptance of a material benefit of a judgment constitutes a waiver of the right to appeal by the person accepting the benefit.

In arriving at a determination of the issues involved herein it first becomes necessary to dispose of the several motions filed herein by the appellee.

The question presented by appellee's several motions in the case at bar is whether the appellant can maintain the appeal presently before us. The following authorities we think throw sufficient illumination on the problem to provide the answer.

"Upon the question as to whether the appellant can prosecute his appeal after having again married, we have been furnished with no authority. After a limited search for a precedent, we have found such authority as leads us to believe that the appeal cannot, in such a case, be prosecuted. . . . .

It seems to be the law that a party cannot be relieved from a judgment of divorce after he has used the privileges of the judgment. Having availed himself of the benefits of the decree or judgment he must bear its burdens. This is, we presume, upon the principle of estoppel." *Garner* v. *Garner* (1871), 38 Ind. 139.

" 'But, as the value of the property owned by appellee may have changed since the judgment was originally rendered and likewise the circumstances and conditions of both parties, it will be proper and right, and better, perhaps, we think, subserve the ends of justice for the lower court to hear and consider the entire case *de novo*.' That is to say, when, in the case at bar, appellant appealed from the judgment for alimony and allowance for attorney's fees, he placed it within the power of the appellate tribunal, if a consideration of the case showed that justice required it, to reverse the case not only as to the alimony and allowance, but also as to the decree of divorce, and direct a new trial upon all the issues.

Whether, upon the whole record in this particular case, justice would or would not require that the trial court should consider the entire case *de novo*, is not material, as it is necessary that a general rule should be declared.

Under the above authority it might be necessary in any case to reverse that part of the judgment and decree granting the divorce. But by his marriage, by which he has accepted the benefits of that part of the decree, he has made it impossible for the court to do what the justice of the case might require that it should do. He has accepted the benefits of a particular part of a judgment, which might or might not be permitted to stand upon an adjudication of the question he is urging by his appeal, and by so doing has waived his right to prosecute his appeal." *Rariden* v. *Rariden* (1904), 33 Ind. App. 284, 287, 70 N. E. 398.

"The appellee contends that: The marriage of the appellant pending this appeal estops her from further prosecuting the appeal; that by remarrying she recognizes the validity of the judgment appealed from, accepts the benefits thereof and puts beyond the power of this court to restore the marital relation between the appellant and appellee, even though the court should conclude to reverse the judgment of the trial court. In this contention we believe the appellee is correct. The adjudication of the property rights between a husband and wife in a divorce proceeding is such an integral part of the judgment as that, in the absence of fraud, it cannot be separated from the decree for divorce. The appellant is not to be heard to accept the benefits of the judgment without likewise accepting the burdens thereof." *Arnold* v. *Arnold* (1933), 95 Ind. App. 553, 555, 556, 183 N. E. 910.

"In passing, however, it would seem to us that relator's contention in this particular case, that the question of the subsequent marriage of the relator can only be raised in the court to which an appeal is taken has no merit. The principles laid down in the case of *Arnold* v. *Arnold* (1933), 95 Ind. App. 553, 183 N. E. 910, and the cases therein cited are applicable whether the question of remarriage is urged in the trial court or in the court of appeal. If the relator has remarried, as alleged in Irene Balsley's motion, he has accepted the benefit of the judgment and is estopped from having a new trial or from appealing." *State ex rel. Balsley* v. *St. Joseph Superior Court* (1948), 226 Ind. 372, 374, 81 N. E. 2d 373.

"The evidence further reveals that appellee, since the granting of the divorce, has remarried. Appellee, having accepted the benefits of the divorce judgment, would be estopped from attacking it. *State ex rel. Balsley* v. *St. Joseph Superior Court* (1948), 226 Ind. 372, 374, 81 N. E.

2d 373 ;" *Davis* v. *Davis* (1951), 229 Ind. 414, 418, 99 N. E. 2d 77.

"The entire decree is attacked by appellant's motion for a new trial. The adjudication of the property rights of the parties in a divorce proceeding and the award of alimony is such an integral part of the judgment as that, in the absence of fraud, a separation thereof from the decree for divorce can not be had. Here, the appellant, in practical legal effect, admits that she accepted and availed herself of the benefits of a material part of the decree which, by this appeal she seeks to have reversed. Having adopted the decree by acceptance of material benefits thereof, appellant is now in no position to complain of it. *Smith* v. *Smith* (1955), 125 Ind. App. 658, 661, 662, 129 N. E. 2d 374; *Arnold* v. *Arnold* (1933), 95 Ind. App. 553, 555, 556, 183 N. E. 910." *Finke* v. *Finke* (1963), 135 Ind. App. 65, 68, 191 N. E. 2d 516.

"And the appellant by her marriage to another has recognized the validity of the judgment appealed from and has accepted the benefits of said judgment and hence must accept the burden of said judgment. Such remarriage estops her from further prosecuting this appeal." *Hedgecoth* v. *Hedgecoth* (1966), 139 Ind. App. 162, 217 N. E. 2d 630, 631.

A careful consideration of the authorities above cited, together with many others read and considered but not cited on account of lack of time and space, compel us to the following conclusions:

1. The overwhelming weight of authority is to the effect that an appellant having recognized the validity of a judgment and decree of divorce rendered in a court of competent jurisdiction and having jurisdiction of the persons by accepting the favorable and/or beneficial provisions thereof, financial and/or marital, accruing to him thereunder, in the absence of fraud, is estopped from questioning the validity of such judgment or decree from and after the acceptance of such benefit or benefits. From and after such acceptance, an appellant is prohibited from proceeding to perfect or maintain any appeal from the same.

2. Appellee, by her several motions filed herein as disclosed by the record, and to which, so far as we are able to

ascertain by such record, appellant failed, neglected or refused to answer or reply, has raised what in effect is a plea in bar to the present appeal.

3.   Nowhere in the proceedings, as disclosed by the record, is there raised any issue of fraud on the part of the trial court or the appellee.

4.   The appellant of his own volition, by his own acts, placed himself in the position he now occupies.

5.   The appellee's motions to dismiss the appeal were, and are, well taken and must be sustained.

The appellee's petition to transfer is hereby granted. The appeal herein is dismissed, with prejudice, at the costs of the appellant.

Lewis, C. J. and Arterburn, Hunter and Mote, JJ., concur.

NOTE.—Reported in 233 N. E. 2d 667.