SIDEBOTTOM *v.* SIDEBOTTOM.

[No. 20,360.   Filed April 27, 1967.   Rehearing denied June 19,1967.
Transfer granted February 9, 1968.]

*Pogue & Young,* of Franklin, for appellant.

*Richard L. Gilliom* and *Murray, Stewart, Irwin & Gilliom,* both of Indianapolis, and *Richard L. LaGrange* and *LaGrange & Fredbeck,* both of Franklin, all for appellee.

CARSON, J.—This is an appeal from the Johnson Circuit Court of an action in divorce. The case was filed in Marion Superior Court Room Number Three and venued to the Johnson Circuit Court. The issues were formed by the appellee's complaint and the defendant's answer in one paragraph under Rule 1-3. The plaintiff-appellee petitioned for divorce, for custody of the minor children, support money, alimony judgment, attorney's fees and property settlement. The case was tried by the court which granted the plaintiff-appellee an absolute divorce and custody of the five (5) minor children. The appellant-defendant was ordered to pay $650.00 per month for the support of the children; the court allowed $4,000.00 attorney's fees to be paid by the appellant. All of the household goods and furnishings, the real estate, the tractor-mower, and the 1961 Oldsmobile, were awarded to the plaintiff-appellee. The defendant-appellant was ordered to execute all deeds, papers, and documents in order to convey the real estate to the plaintiff-appellee. The defendant-appellant was also ordered to pay an alimony judgment in the sum of $1,000.00 per year in payments of $250.00 each three (3) months for a period of ten (10) years. The payments to begin on the First of January, 1964.

The defendant-appellant was awarded the airplane, all horses and equipment pertaining thereto, certain other items of personal property, the Piper Air-Craft stock, professional equipment and office furnishings and professional accounts receivable, the National Service Life Insurance policy and the Cadillac automobile. The defendant-appellant was also ordered to keep his life insurance policy in force, naming his children as beneficiaries.

The judgment was rendered on November 8, 1963, wherein the court also ordered the defendant-appellant to pay the sum

of $1,645.00 support arrearage in payments of $50.00 a month beginning the First of December, 1963. The defendant-appellant filed a motion for new trial alleging five specifications:

"1. The decision of the Court is not sustained by sufficient evidence.
"2. The finding of the Court is not sustained by sufficient evidence.
"3. The decision or the finding of the Court is not sustained by sufficient evidence.
"4. The decision of the Court is contrary to law.
"5. The finding of the Court is contrary to law."

The appellant's motion for new trial was overruled on December 29, 1964. The appellant assigned as error the overruling of the motion for a new trial. The only issue which the appellant argues is the amount of alimony awarded the appellee.

The record discloses that the appellee filed a motion to dismiss or affirm on the theory that the appellant had accepted part of the benefits of the judgment rendered in the trial court. This court, by prior action, denied the motion to dismiss and held the action on the motion to affirm in abeyance pending presentation of the case on the merits. We must dispose of the motion to affirm before proceeding to consider the grounds in the appellant's motion for a new trial.

This case is a recognized exception to the rule that acceptance of the benefit of a judgment constitutes a waiver of the right to appeal by the person accepting the benefits. This is particularly true in divorce action where the part of the decree from which the appeal is taken would not be affected by action of the Appellate Tribunal in disposing of the appeal. The general rule and its exception in divorce actions is set out in 4 Am. Jur. 2d, *Appeal & Error*, § 259, p. 754.

The exception has been generally recognized in Indiana in other cases than divorce actions. In the case of *City of Indian-*

*apolis* v. *Stutz Motor Car Company of America* (1932), 94 Ind. App. 211, 180 N. E. 497, the court said:

"The rule is well settled that one cannot accept or secure a benefit under a judgment, and then appeal from it, when the effect of his appeal may be to annul the judgment, unless his right to the benefit is absolute, and cannot possibly be affected by the reversal of the judgment. (Citing authorities.) We must be careful not to ignore an important qualification to the general doctrine. Where the reversal of the judgment cannot possibly affect the appellant's right to the benefit he has secured under the judgment, then an appeal may be taken, and will be sustained, despite the fact that the appellant has sought and secured such benefit . . . It is the possibility that his appeal may lead to a result showing that he was not entitled to what he has received under the judgment appealed from that defeats his right to appeal. Where there is no such possibility, the right to appeal is unimpaired by the acceptance of benefits under the judgment appealed from."

The above case was cited with approval by the Supreme Court of Indiana in *State ex rel. Jackson, Attorney General* v. *Middleton et al.* (1939), 215 Ind. 219, 19 N. E. 2d 470, 20 N. E. 2d 509, and the Supreme Court said:

"The statute (§ 2-3201 Burns' 1933, § 471 Baldwin's 1934) is merely declaratory of the common law rule that a party cannot accept the benefit of an adjudication and yet allege it to be erroneous. 4 C. J. S., p. 416. But, like most general rules, this has its exceptions and it is accordingly recognized that an acceptance of an amount to which the acceptee is entitled in any event does not estop him from appealing from or bringing error to the judgment or decree ordering its payment. *City of Indianapolis* v. *Stutz Motor Car Co.* (1932), 94 Ind. App. 211, 180 N. E. 497. The facts upon which the court below rendered judgment against the appellees for $249.33 were stipulated by the parties and are undisputed. The appellant has not challenged the propriety of that part of the judgment by cross-errors and, so far as the motion to dismiss the appeal is concerned, the case comes clearly within the exception to the rule stated above. Appellees' motion to dismiss is therefore denied."

Later in the case of *State of Indiana* v. *Kraszyk et ux. et al.* (1960), 240 Ind. 524, 167 N. E. 2d 339, our Supreme Court stated:

> "The rule is clearly stated in 4 C. J. S., *Appeal and Error*, § 216(1), p. 650, as follows:
>
> 'The rule that a party cannot maintain an appeal or writ of error to reverse a judgment or decree after he has accepted payment of the same in whole or in part has no application, as a rule, where appellant is shown to be so absolutely entitled to the sum collected or accepted that reversal of the judgment or decree will not affect his right to it, as in the case of the collection of an admitted or uncontroverted part of his demand, and in other similar cases, as where his appeal is to establish his claim to something additional or to a greater amount.' "

When we examine the judgment entered in the case before us and the issue which we are called upon to decide by the motion for a new trial and the assignment of errors, it is apparent to us that the acceptance and disposition of that portion of the property awarded the defendant-appellant by the trial judge would not in any way be affected by our decision in this case. We therefore find that the motion to affirm filed by the appellee should be denied and we shall proceed to disposition of the appeal on the merits.

We come now to the consideration of Points 4 & 5 of the defendant-appellant's motion for a new trial. We have repeatedly held that as an Appellate Tribunal, we do not weigh the evidence, but under Points 4 & 5, it is necessary for us to consider the decision and finding of the trial court under the rule prescribed in the case *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669:

> "It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

In applying this rule to the evidence that was before the trial court and the decision and finding of the trial court, we

conclude that the trial court abused its discretion and that the decision and finding are contrary to law. The decision and the finding of the trial court does not, in our judgment, properly apply the rules in determining the matter of property settlement and alimony in divorce action as those rules are set out by our Supreme Court in the case of *Shula* v. *Shula* (1956), 235 Ind. 210, 132 N. E. 2d 612, which case was affirmed and followed in the case of *McDaniel* v. *McDaniel* (1964), 245 Ind. 551, 201 N. E. 2d 215. In the *Shula* case, *supra*, our Supreme Court said:

> "Alimony is awarded in Indiana for the purpose of making a present and complete settlement of the property rights of the parties. It does not include future support for the wife, nor is it intended as a medium for providing financial compensation for injured sensitivities during marriage. The primary factor in fixing the alimony is the existing property of the parties. However, other facts which the court may consider are the source of the property, the income of the parties and the nature of the abuse inflicted upon the wife,—particularly if that abuse affected the earning capacity of the wife and would have been the basis for an action in damages except for the fact of the marriage."

The amount a wife receives as alimony should approximate her statutory interest in her husband's property. This rule does not apply to property owned by the entireties or estates in survivorship. *Shula* v. *Shula, supra.*

In this case, the value of the property received and the alimony awarded to the wife are so out of proportion with these rules that the decision and findings of the trial court must be and are now reversed as contrary to law. This cause is remanded to the trial court for a new trial consistent with this opinion.

Judgment reversed.

Cooper, C. J., not participating.

Faulconer, Prime, JJ., concur.

NOTE.—Reported in 225 N. E. 2d 772.