EUGENE ALDERSON *v.* MYRTLE E. ALDERSON.

[No. 472S40. Filed April 13, 1972.]

Richard D. Bray, of Martinsville, for appellant.

Kenneth Barton, of Greenwood, for appellee.

ON PETITION TO TRANSFER

HUNTER, J.—Petitioner, Eugene Alderson, is before this Court on an Application for Transfer seeking review of the Appellate Court's opinion in Alderson v. Alderson (1971), 274 N. E. 2d 710, which was decided on November 16, 1971. Petitioner, appellant in this cause, filed a Petition for Rehearing with the Appellate Court on December 2, 1971, which was thereafter denied on December 21, 1971. In his Application for Transfer, appellant alleges that the Appellate Court's decision (1) contravened a ruling precedent and (2) erroneously decided a new question of law.

This action was originally a suit for divorce filed by the appellant on January 21, 1970. Appellee, Myrtle E. Alderson, cross-complained, also seeking an absolute divorce. The cause was heard on July 22, 1970, and the trial court found for the appellee on her cross-complaint and against the appellant on his original complaint. The appellee was granted an absolute divorce and was awarded custody of their minor child. The trial court also ordered that the appellee should be the sole owner of certain real estate acquired by the parties during marriage and that she should receive all of the household goods. Appellant was awarded his stock in Alderson and Goodman, Inc., an Indiana corporation.

On appeal to the Appellate Court, the appellant contested neither the validity of the divorce decree nor the award of custody to the appellee. Appellant's sole allegation of error was that the trial court abused its discretion in determining the amount of the property settlement awarded to the appellee.

The appellee, by motion, sought dismissal of the appeal for the reason that the appellant had remarried pending appeal,

thereby recognizing the validity of the judgment below. The Appellate Court, in a *Per Curiam* opinion, sustained the appellee's Motion to Dismiss. The Appellate Court relied on the rule set forth in *Sidebottom* v. *Sidebottom* (1968), 249 Ind. 572, 233 N. E. 2d 667, where it was stated:

"The overwhelming weight of authority is to the effect that an appellant having recognized the validity of a judgment and decree of divorce rendered in a court of competent jurisdiction . . . *by accepting the favorable and/or beneficial provisions thereof, financial and/or marital,* accruing to him thereunder . . . *is estopped from questioning the validity of such judgment or decree* from and after the acceptance of such benefit or benefits." 249 Ind. at 579, 233 N. E. 2d at 672. (our emphasis)

It is readily apparent that the facts in the case at bar fall squarely within the general rule enounced in *Sidebottom* v. *Sidebottom, supra.* Therefore, the Appellate Court's decision does not contravene ruling precedent nor does it decide a new question of law. However, for reasons hereinafter stated, the Petition to Transfer is granted pursuant to this Court's inherent authority to change any ruling precedent once the appeal has been terminated in the Appellate Court. See, *Troue* v. *Marker* (1969), 253 Ind. 284, 252 N. E. 2d 800. It should be noted that the transfer rule set forth in *Troue* has been adopted in AP. 11(B) (2) (d), the amendment of which became effective January 1, 1972.

The doctrine of estoppel as applied to appeals from divorce proceedings is founded upon the equitable concept that one who acknowledges the validity of a divorce decree by remarrying should be estopped from denying the validity of the dissolution of the marital relationship on appeal. The doctrine, when applied in this manner, is entirely logical and, indeed, necessary. It would be ludicrous to permit a party to a divorce who has subsequently contracted a perfectly valid second marriage to have the second marriage, on his own motion, rendered bigamous on appeal.

The doctrine of indivisibility is based upon the notion that each part of the trial court's judgment in a divorce proceeding, including marital status, child custody, alimony and property settlement, is of such an integral nature to the judgment as a whole that no part thereof should be considered separately on appeal without considering the whole. The doctrine of indivisibility, summarily applied, produces results which are neither logical nor reasonable. Moreover, the doctrine of estoppel, applied in conjunction with the doctrine of indivisibility, produces severe results which border on absurdity. The only logical explanation for the establishment of this rule is that at the time it was adopted it was thought that the State had a paramount interest in preserving the marital status of its citizens and was thereby obligated to discourage divorce by making it an unattractive course of action. For a scholarly examination of the origin of the rule see Judge Staton's excellent dissenting opinion in *Alderson* v. *Alderson, supra.*

The general application of the doctrine of estoppel as set forth in *Sidebottom* was somewhat limited by our decision in *O'Connor* v. *O'Connor* (1969), 253 Ind. 295, 253 N. E. 2d 250. In *O'Connor*, the appellant had been successful in the Appellate Court in having a divorce decree reversed and a new trial ordered. The appellee, on transfer, insisted that the appeal should have been dismissed for the reason that the appellant had accepted the benefits of the trial court's judgment by selling an automobile that had been awarded to him, and that such action thereby estopped him from questioning the validity of the divorce. In holding that the general rule in *Sidebottom* did not apply to the facts presented in *O'Connor*, the Court stated:

"It is true that the acceptance of financial benefits accruing to a spouse from the granting of a divorce *may* in some cases estop that spouse from the prosecution of an appeal. *Finke* v. *Finke* (1963), 135 Ind. App. 65, 191 N. E. 2d 516. *Smith* v. *Smith* (1955), 125 Ind. App. 658, 129 N. E. 2d 374. *However, there are obvious limitations to this theory where the acceptance of certain financial benefits is the only*

*evidence available to support the proposition that a spouse has unqualifiedly accepted the benefits of the decree and hence is precluded from appeal.* For example, if a wife is awarded the title to the family home pursuant to a divorce decree, is she to be precluded from living in the house if she wishes to prosecute an appeal on some aspect of the judgment? Likewise should the spouse who was awarded a mechanically defective automobile be required to retain possession of that car even where such possession is sure to result in unreasonably high repair bills? Should a spouse who has been awarded stock be required to hold on to such stock in spite of the fact that it has begun to decline in value? To require a spouse to incur liabilities or losses in order to be free of an allegation of accepting the benefits of a divorce decree is an anomaly indeed. Likewise, a requirement that possession of all assets, regardless of their nature, be frozen in the spouse to which they are awarded if an appeal is contemplated is unreasonable, unrealistic and unnecessary. Appeals often take considerable time, a fact to which this case, from trial through appeal, will bear witness. Certainly the rule does not and should not require that in the interim a spouse be unreasonably hampered by the denial of the right to make those dispositions of property required as a normal incident of everyday life." 253 Ind. at 298, 299, 253 N. E. 2d at 251, 252. (our emphasis)

The *Sidebottom* decision was distinguished in *O'Connor* on the ground that the appellant had remarried in *Sidebottom* while in *O'Connor* the only act of acceptance was the sale of an automobile, the Court thereby differentiating between the significance of the acceptance of a *marital* benefit and the acceptance of a *financial* benefit.

However, even in its more restricted form, *summary* application of the doctrine of estoppel in those cases where the appellant has remarried pending appeal produces results which do nothing to serve the needs or the norms of our present society. This Court is in full accord with the views expressed by Judge Staton in his dissenting opinion in *Alderson* v. *Alderson, supra:*

"Divorce is not an uncommon or infrequent occurrence in our society today. If a party is penalized for remarrying while his or her appeal is pending on matters other than

the validity of their marital status, a restoration to normal and productive living is senselessly postponed. The order and tranquility of our society is ill served by insisting on a semistatic marital relationship during a long drawn out appeal." 274 N. E. 2d at 712.

As this Court recognized in *O'Connor* v. *O'Connor, supra,* in reference to the doctrine of recrimination,

"If the result can no longer be justified, the doctrine should be struck down regardless of its historical-legal basis." 253 Ind. at 306, 253 N. E. 2d at 256.

We are of the same opinion on the matter before us. Therefore, this Court concludes that the general rule set forth in *Sidebottom* v. *Sidebottom, supra,* calling for summary application of the doctrine of estoppel when the appellant has remarried pending appeal, even though the appellant raises no question on appeal concerning the validity of the marital dissolution, should no longer be the law. To the extent *Sidebottom* v. *Sidebottom, supra,* and all other cases are in conflict herewith, they are to such extent overruled.

It follows that the doctrine of indivisibility as applied to the trial court's judgment in a divorce proceeding is no longer viable law. It should also be noted that the doctrine was in direct conflict with TR. 59 (G) which provides that only those issues raised in a Motion to Correct Errors can be considered on appeal.

For the reasons herein stated the Appellate Court's order of dismissal is now by this Court ordered vacated and set aside and this cause is transferred to the Court of Appeals for disposition of the cause on its merits.

Arterburn, C. J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 82.