EUGENE ALDERSON *v.* MYRTLE E. ALDERSON.

[No. 171A7. Filed September 18, 1972.]

*Richard D. Bray,* of Martinsville, *Jack Rogers, Rogers & Rogers,* of Franklin, for appellant.

*Kenneth Barton,* of Greenwood, for appellee.

ROBERTSON, P.J.—This appeal arrives by the circuitous route of being transferred from the Indiana Supreme Court for a decision on the merits. See: *Alderson* v. *Alderson* (1972), 258 Ind. 328, 281 N. E. 2d 82, which terminated the doctrine of indivisibility of divorce decrees.

The sole issue is whether the trial court abused its discretion in determining the amount of property settlement awarded to the appellee, Mrs. Alderson. The appellee failed to file an answer brief, therefore, a prima facie showing of reversible error is sufficient to entitle Mr. Alderson to a reversal. *DuFour* v. *DuFour* (1971), 149 Ind. App. 404, 273 N. E. 2d 102, and authorities cited therein.

The decree of divorce reveals that the court awarded Mrs. Alderson all household goods, furniture and furnishings, and the real estate belonging to the parties which consisted of some 17 acres. This tract included the family residence and 19 building lots. Mr. Alderson received all of his stock in Alderson & Goodman, Inc.

Mr. Alderson's net worth was listed at $22,181.60. The property awarded to Mrs. Alderson amounted to more than 74% of that figure.

A summary of testimony is submitted to this court under Appellate Rule 7.2(A) (3) (c), and consists of four pages of a "Settled and Approved Record."

One of the better known cases on the manner and method of awarding property in a divorce proceeding is *Bahre* v.

*Bahre* (1962), 133 Ind. App. 567, 181 N. E. 2d 639. Various criterion include the existing property rights of the parties; the amount of property owned and held by the husband and the source from which it came; the financial condition and income of the parties and the ability of the husband to earn money; whether or not the wife, by her industry and economy, has contributed to the accumulation of the husband's property; and the separate estate of the wife.

The "Settled and Approved Record" is devoid of evidence regarding the wife's separate estate, if any; whether her industry and economy has contributed to the accumulation of property, if any; the husband's ability to earn money or his income, if any; and the source of the property held by the husband. There was no evidence which "conflicted or contradicted" his statement of net worth.

There was evidence that the real property was owned by the entireties and the amount of indebtedness thereon. There was evidence that the sales of lots from the real estate did not exceed the expenses of taxes, mortgage payments and a water main.

In view of the record before us, we are compelled to arrive at the conclusion that the trial court abused its discretion in awarding the property as reflected by the decree of divorce. Accordingly, this cause is reversed and remanded for further hearing regarding the award of the property of the parties.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 287 N. E. 2d 258.