### STEPANCEVICH *v.* STEPANCEVICH.

[No. 569-S-128. Filed November 13, 1969. Rehearing denied January 26, 1970.]

*Kenneth D. Reed, Crumpacker & Abrahamson,* Hammond, for appellant.

*George Glendening, Glendening & Glendening,* Hammond, for appellee.

PER CURIAM.—On August 27, 1969, this Court entered an order sustaining appellee's motion to dismiss this appeal.

On September 15, appellant filed a petition for rehearing in which he calls this Court's attention to the fact that we did not render an opinion in writing in disposing of this case. We do, therefore, render the following opinion in the granting of appellee's motion to dismiss.

This was an appeal from a judgment from the Lake Superior Court, Room One, finding appellant in contempt of court for failing to comply with certain orders of the trial court made in connection with the decree of absolute divorce whereby appellant was granted a divorce from his wife, the appellee. The trial court found the appellant to be in contempt for failure to make support payments, mortgage payments and payments on a dental bill incurred by the appellee, said payments totaling $2,662.04.

It is appellant's contention that he cannot be found guilty of contempt for failing to obey the court order which by its own terms was void and a nullity. He argues that the property settlement agreement and the court order attempting to include the agreement in the divorce decree are void because they are by their own language contingent upon the divorce being granted to the wife, when as a matter of fact the divorce was granted to the husband. This may well have been a valid objection which could have been maintained by the appellant at the time of the entering of the decree; however, in the absence of such objection he cannot now be heard for the first time to claim that the property settlement was improperly incorporated with the decree.

On July 9, 1969, the appellee filed a motion to dismiss the appeal on the ground that the appellant had accepted the benefits of the decree in that he had, among other things, remarried subsequent to the divorce. Appellee is sustained in her position by the case of *Arnold* v. *Arnold* (1933), 95 Ind. App. 553, 183 N. E. 910. In that case, at page 555, the Court said:

". . . The adjudication of the property rights between a husband and wife in a divorce proceeding is such an integral part of the judgment as that, in the absence of fraud, it cannot be separated from the decree for divorce. The appellant is not to be heard to accept the benefits of the judgment without likewise accepting the burdens thereof. . . ."

This same proposition was stated by this Court in *Davis* v. *Davis* (1951), 229 Ind. 414, 99 N. E. 2d 77. In that case the Court stated, at page 418:

". . . The only defenses appellee would have to this cause of action are such defenses as arose subsequent to the judgment of divorce. The evidence further reveals that appellee, since the granting of the divorce, has remarried. Appellee, having accepted the benefits of the divorce judgment, would be estopped from attacking it. . . ."

The motion of the appellee to dismiss this cause is, therefore, sustained, and the petition for rehearing of appellant is hereby denied.

NOTE.—Reported in 252 N. E. 2d 244.